[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 329 
It was a good plea, at common law, in an action of debt for rent, by virtue of a parol demise, or upon a lease not under the seal of the lessee, that the plaintiff had nothing in the tenements at the time of the lease; (Co. Litt. by Thomas, 415;Syllivan v. Stradling, 2 Wils., 217); and the reason of this is, according to Lord COKE, that "in every contract there must be quid pro quo, and therefore, if the lessor hath nothing in the land, the lessee hath not quid pro quo, nor anything for which he should pay a rent." If the lease be made by deed indented, then both parties are concluded, and this plea cannot be interposed. The lessee in that case is bound by a technical estoppel, by deed, to deny that the term passed by the lease. Further exceptions to the rule of the common law, have been created by the modern doctrine of equitable estoppel, arising out of circumstances unconnected with a deed. Thus, it has been very often decided that in debt or assumpsit for use and occupation, the defendant cannot deny the title of the lessor. (Lewis. v.Willis, 1 Wils., 314; Cooke v. Loxley, 5 Term R., 4;Phipps v. Schulthorpe, 1 Barn. Ald., *Page 330 
50; Fleming v. Gooding, 10 Bing., 549; Dolby v. Iles,
11 Adolph. Ellis, 335; Curtis v. Spitty, 1 Bing.N.C., 15; Agar v. Young, 1 Carr. Marsh., 78.) The action for the use and occupation is given by statute, and it arises where there has been an enjoyment by the defendant of the plaintiff's lands or tenements, under a demise or agreement not made by deed. (Stat. 11 Geo. II, ch. 19, § 14; 1 R.S., 748, § 26.) The statutes do not declare that the defendant in this action shall be precluded from pleading nil habuit intenementis; but inasmuch as the action is given for the use and occupation, which presupposes an entry and enjoyment of the premises, the courts have constantly held that the defendant was estopped from showing that the lessor was not the owner of the land. The judges have applied the equitable principles referred to in the construction of the statute. "I cannot help thinking," said Lord Chief Justice WILLES, "but that they (the legislature), intended to take away the plea of nil habuit, c., as if they had said, after the tenant has enjoyed the land by a demise or permission of the landlord, he shall not be permitted to pry into the title, and pick holes in settlements and wills." (Syllivan
v. Stradling, supra.) Lord KENYON, in Cooke v. Loxley, said that the rule precluding the tenant in this class of actions from contesting the title of the landlord, was not a mere technical rule, but one founded in public convenience and policy.
But the defendant's counsel argues that the present is not an action for use and occupation, but one founded upon the express contract of the defendant, and if maintainable at all, it is upon facts irrespective of any occupation and enjoyment of the premises; and if the complaint alone be examined the position is correct. No entry or occupation is alleged, but only a demise, and an agreement by the defendant to pay the rent, contained in a writing not under seal. If the defendant in his answer had confined himself to a denial that the plaintiff, at the time of the demise, had *Page 331 
any estate in the premises, the question would be presented whether the ancient rule of the common law, to which I have referred, prevails at this day. There would not be much appearance of justice in holding that where one has taken a written lease of premises and agreed to pay the rent, but has not thought proper to avail himself of the right he had thus contracted for by going into possession, when he might have done so without hindrance from any one, he can defend against his engagement by showing that there was a defect in the lessor's title, and that he was not really seized of the land. If he take possession and be evicted by paramount title, his defence is clear, and he has an ample remedy upon the implied contract for quiet enjoyment. In one of the cases in which it was held that, in debt for use and occupation, the defendant could not question the landlord's title, Chief Justice TINDAL said that in debt for rent where the plaintiff alleges a demise "it is some semblance of an answer to say that the plaintiff had nothing in the premises." It is not necessary for us to decide in this case whether such a plea could now be sustained, for the defendant admits in his pleading that he took possession of the demised premises, and enjoyed them during the first year of the term. He objects to paying the rent from an apprehension that some other person, in whom he supposes the title to be, will recover from him the value of the use and occupation. He has thus voluntarily shown the fact of occupation which the plaintiff omitted to state, and which precludes him from making an issue upon the plaintiff's title. If there is any other party who has an apparent claim for the use of the premises, the defendant could have avoided the danger of being compelled to make a double payment by bringing an action in the nature of a bill of interpleader. The following cases, in addition to those already referred to, support the position that the defendant cannot under the circumstances disclosed, raise an issue upon the plaintiff's title: (Rennie v. Robinson, 1 Bing., 147; Doe v.Wiggins, 4 *Page 332 Adolph. Ellis N.S., 367; Hall v. Butler, 10 Adolph. Ellis, 204; Brown v. Sprague, 5 Denio, 545; Doe v.Lady Smythe, 4 Maul. Sel., 347; Pope v. Biggs, 9Barn. Cres., 245; Sharpe v. Kelley, 5 Denio, 431.)
Another aspect in which the defence is presented by the defendant's argument is, that upon the facts admitted by the demurrer, the defendant's undertaking to pay the rent was without consideration. The agreement by the plaintiff that the defendant should quietly enjoy the premises, which is implied in the fact of a demise, would be a sufficient answer to his objection, if there had been no actual occupation. (The Mayor of New-York v.Mabie, 3 Kern., 151; Whitney v. Lewis, 21 Wend., 131.)
The second defence set up in the answer is clearly insufficient. No eviction is shown; but if it had been, it would have been no answer to the claim for the first year's rent, the answer conceding that during that year the defendant occupied without disturbance. (Giles v. Comstock, 4 Comst., 270.)
The judgment must be affirmed.