ANDRIOT vs. LAWRENCE.

A married woman cannot bind herself by an executory contract for the letting of premises not belonging to her separate estate.

Such a contract, being wholly void, forms no consideration for an agreement on the part of the lessee and a surety for the payment of the rent, where it is not alleged or proved that the lessee ever enjoyed or used the demised premises, or had, or could have had, possession thereof.

APPEAL from a judgment entered at a special term. The opinion of the court contains the material facts.

*By the Court,* BONNEY, J. This complaint states that in March, 1857, the plaintiff, by contract in writing, let to Alice Morgan, and Alice Morgan hired of her, certain premises in New York for the term of one year from 1st of May, then next, at the annual rent of nine hundred dollars, payable in monthly payments, and the defendant, by agreement in writing covenanted with the plaintiff, that in case of default of Alice Morgan in the payment of such rent he would pay any arrears thereof which should remain due. That Alice Morgan did make default in such payment, and by reason of the premises the defendant was indebted to the plaintiff. The answer (among other things) states that the plaintiff was, at the time of the making of said agreements, and yet is, the wife of Paul Andriot, who is still living, and that said agreement did not concern or relate to the separate property of the plaintiff, but to property of her husband or of some person to whom he had transferred it. At the trial, which was by the court without a jury, the plaintiff rested her case on the pleadings. The defendant then offered to prove the facts above mentioned as stated in the answer. The plaintiff's counsel objected, and the court sustained the objection and refused to receive the evidence, to which decision the defendant's counsel excepted. The court thereupon rendered judgment for the plaintiff, and from that judgment the defendant has appealed.

In my opinion the evidence offered by the defendant at the

Andriot v. Lawrence.

trial should have been received, and the court below erred in rejecting it. The complaint does not state, nor is it in any way shown or alleged, that Alice Morgan ever enjoyed or used the premises stated to have been let to her, or had or could have had possession thereof. The action is on the alleged agreements only, which are purely executory, and the defendant set up by answer and offered to prove (in effect) that the plaintiff was a married woman, and therefore had not capacity to make the supposed contract of letting, in relation to these premises, which did not belong to her separate estate. That a married woman cannot bind herself by such an executory contract is well settled. (*Yale* v. *Dederer*, 18 *N. R. Rep.* 265; *S. C. in Court of Appeals, December term*, 1860.) Admitting then the facts offered to be proved by the defendant, the alleged contract of letting by the plaintiff was wholly void, and as I think, could form no consideration for the supposed agreements of Alice Morgan and the defendant. The several authorities cited by the plaintiff, for the principle that a tenant will not be permitted, in an action for rent, to deny the title of his landlord to demised premises which such tenant has held and enjoyed under the demise, have no application, in my judgment, to this case, for the reason that it does not appear, nor is it alleged, that Alice Morgan ever was or could have been in possession of the premises now in question. In the case of *Vernam* v. *Smith* (15 *N. Y. Rep.* 327,) many of the authorities in relation to this question are referred to and examined, and that decision, as I view it, allows and sustains the defense which was set up and offered to be proved in this action.

The judgment appealed from should be reversed, and a new trial ordered, costs to abide the event.

[NEW YORK GENERAL TERM, September 18, 1860. *Sutherland*, *Allen* and *Bonney*, Justices.]