SAMUEL H. SMITH, Respondent, *v.* HENRY L. BABCOCK
AND OTHERS, APPELLANTS.

*Evidence—Damages to Real Estate—Title.*

In an action by the vendor against the vendee of certain real estate, for
damages done to the freehold while the vendee was in possession under a con-
tract of purchase, it is competent for the vendee to allege and prove that the
vendor never had any estate in the land, or in the freehold alleged to have
been injured.

THIS was an action to recover damages for the removal of a
building from certain premises in Caton, Steuben County, which
premises had been sold by executory contract, by the Plaintiff,
to one Catharine Herrick, and had afterward come back into
his possession by reason of the non-performance of the contract
by the said Catharine Herrick. The facts are stated in the opinion
of the Court.

*G. B. Bradley* for the Appellants.
*George T. Spencer* for the Respondent.

HUNT, J.—This is a special action for injury to the Plaintiff's
interest in the property described in the complaint. The Plaintiff
sold the property to Catharine Herrick, by a written contract, in
which (a certain cash payment being made) it was agreed that
the payments stipulated were to be made at a future day, at
which time the deed was to be executed by the Plaintiff, and in
the mean time the purchaser was entitled to possession. While
thus in possession, and before the arrival of the stipulated time
of payment, the injury complained of was committed. The
Plaintiff alleged and proved that a building erected upon said
premises was injured, and a portion of the same entirely removed
from the premises. Evidence was given at the trial to show
that the injury was committed by the direction of Mr. and Mrs.
Herrick, with the assistance of the Defendants. After hearing
the evidence upon both sides, the judge holding the circuit
declined to submit the case to the jury on the question of liability,

but charged the jury as matter of law that each of the Defendants was liable, and that the only question for the jury to pass upon was the amount of damages to which the Plaintiff was entitled. During the trial the Defendants offered to prove " that the Plaintiff had no title to the premises in question at the time of making the contract with Mrs. Herrick, or at any other time afterward; and that he did not then have, and has not at any other time had, any means, power, or authority of procuring a title thereto." This evidence was excluded, and the Defendants excepted.  The jury rendered a verdict for the Plaintiff, and upon appeal to the General Term of the seventh district, the Supreme Court affirmed, the judgment rendered thereon.  The Defendants now appeal to this court.

The rejection of this evidence was sustained in the court below, on the ground that Mrs. Herrick, having recognized the Plaintiff's title by her contract to purchase, was estopped to deny it, and that the acts of the Defendants having been under her direction, they were estopped also.  The court also say in this connection, that the offer of the Defendants was not to show that they or either of them had title to the premises, but that the Plaintiff had none.

A party in possession of premises under a lease, or under a contract of purchase, is certainly estopped for some purposes from denying the title of his vendor or lessor.  This is upon the principle that he shall not use the possession acquired from an apparent owner, to the injury of such owner.

Whenever, therefore, the tenant surrenders possession to the lessor, or his term expires, the rule no longer applies; but he is at liberty to assert a right without the consent of the lessor (Child *v.* Chappell, 5 Seld. 246).  Having given up the advantage of the position received under a claim of title, he is no longer subject to its disabilities (Jackson *v.* Spear, 7 Wend. 401).  This rule of estoppel, it is to be observed, does not apply when the action does not involve the right of possession.  Thus while a tenant cannot deny his landlord's title in an action to recover possession, or for the rent, when the lessee has actually enjoyed the premises, yet

he may do so when he has not actually occupied the premises (Vernam *v.* Smith, 15 N. Y. 327; authority cited, pp. 329, 330). And in an action to recover the amount agreed to be paid as a contract of purchase, the purchaser may defend on the ground that the seller has and *can give no* title (Burwell *v.* Jackson, 5 Seld. 535; 4 Coms. 396; 11 Vesey, 337; 18 Vesey, 508; 9 Price, 488). In the one case, it would be most unreasonable for a lessee, who has had the full use and benefit of his lease, to say that his lessor had no title. The implied covenant for possession is a sufficient consideration; and whether he had title, or had not, the lessee has received the expected benefit, and should pay the promised rent. In the other case where A, without title, agrees to sell certain premises to B, who, supposing that a title can be given, agrees to pay the purchase-money, it would be unreasonable to compel B to pay the promised sum, when it became clear that A could not perform on his part by giving title. The distinction is manifest, and is recognized by the authorities cited above.

In the case before us, it will be borne in mind that the action is not for an injury to the possession. The right of possession was in Mrs. Herrick exclusively at the time of the transaction in question, and such action would be hers exclusively. It is for an injury to the reversion, for an injury to the Plaintiff's interest in the property itself; and at the time it was brought, Mrs. Herrick had abandoned the possession, and the plaintiff had resumed it. Upon the principles stated, it is not clear that Mrs. Herrick herself would be estopped from questioning the ownership. She had yielded what she had received from the Plaintiff, the possession, and both parties stood remitted to their original rights. If she had despoiled the property, she was liable in damages to the owner, and to no one else; and a recovery by a pretended vendor would not protect her against the claims of the real owner.

But the Defendants in this action had made no contract whatever with the Plaintiff. At the request of Mrs. Herrick, as is assumed, they had injured the house upon the premises. They were doubtless responsible for this act, and could not shield themselves under the direction of Mrs. Herrick, except so far as her

interest was affected. But they were not responsible further or otherwise than they would have been if they had committed the injury upon their own volition, and without the interference of Mrs. Herrick. A trespass is not aggravated by the circumstance that it is committed at the instance of one having no right to interfere. The idea of privies is inapplicable to such a case. The Defendants have no title and no rights in the premises under any one, and claim none. They are strangers legally and technically (Campbell v. Hall, 16 N. Y. R. 578, and cases cited). The Defendants were therefore responsible to the possessor of the property for injury to the possession, and to the owner of the fee if the injury affected the reversion. The direction of the actual possessor was a defence to any claim to be interposed by her, and they remained responsible to the owner of the reversion alone. We are to assume the offer to be capable of proof to its full extent; and if we suppose that the Plaintiff, at the time of the injury, had no title to the property, that he has had none since, and no power or authority to procure it, how are the Defendants to be protected from the claim of the real owner when he shall appear? A recovery in favor of a pretender will not protect them. The rights of the actual owner would not be affected thereby.

The case of Dewey v. Osborn (4 Cowan, 329) is cited by the Respondent, and in some of its features it is very like to the present case. The Plaintiff there recovered on ejectment against Barker; and intermediate the judgment and the issuing of a *habeas facias*, the Defendant in that suit, with the aid of his neighbors, of whom Osborn was one, removed a building from the premises on to an adjoining lot of Barker's. In an action to recover damages for such removal, it was held that the record of recovery in the suit against Barker was competent evidence in the latter suit. The Defendant Osborn did, as the report shows, attack the actual title of the Plaintiff, but failed in shaking it, and the Court sustained the recovery by the Plaintiff.

There is also a class of cases, of which Whitney v. Lewis (21 Wend. 131) is an example, in which the covenant for quiet enjoy-

ment in a deed was held to be a sufficient consideration from the agreement to pay; and until the Defendant was disturbed in his possession, he could not set up the want of title as a defence to his bond for the purchase-money. This is like the case of possession under a lease already discussed, and is expressly distinguished in Burwell *v.* Jackson, *supra*, from the case of an executory contract to convey.

I think there was error in excluding this evidence; and upon that ground, without examining the further questions in the case, there should be a new trial.

Grover, J.—The proof offered by Defendants, that Plaintiff had not, nor ever had, any title to the lot in question, should have been received. It was excluded upon the ground that Mrs. Herrick, having acquired possession under a contract of purchase from the Plaintiff, was estopped from disputing his title; and that Defendants, in moving the building, having acted under authority derived from her, the estoppel was equally applicable to them. The latter conclusion I think correct. The inquiry is whether, if Mrs. Herrick had been made a Defendant in this action, she would have been estopped. Had the action been to recover possession of the premises from her, or from any one who had obtained possession from her, it is clear that the Plaintiff's title could not have been questioned upon the trial. The law will not permit a party acquiring possession of land from another to retain such possession by setting up an adverse title. Such an attempt is regarded as fraudulent, and the law defeats the attempted fraud by requiring a restoration of possession before it will permit the party to question the title. But this is the extent of the rule. When the possession has been surrendered up to the one from whom it was obtained, the disability is removed. The party so surrendering may at once bring an action to recover the land, and maintain it upon any valid title he can show, although acquired prior to his entry under his adversary. In the present case the action was to recover the value of a building removed from the premises, not to recover possession. If the Plaintiff succeeded,

his recovery would be no bar to an action brought by the real owner. It might well be that if the Defendants were estopped from disputing the Plaintiff's title, and he recovered upon that ground, a second recovery for the same cause would be had against them by the real owner. Indeed, had such recovery actually been had, it would not, under the ruling of the court, have constituted any defence against the Plaintiff, although based upon an unquestioned title which the Defendants were prepared to show. Thus the law would compel the Defendants to pay twice for one unlawful act. Such a result contravenes the maxim, that no one shall be twice vexed for the same cause. The estoppel only applies to actions and proceedings to recover possession, or to enforce rights conferred by the contract under which possession was taken. ·This was not such a case, and therefore the estoppel does not apply. Mrs. Herrick in this action, if a Defendant, might have shown a want of title in the Plaintiff.

This proof showed only a primâ facie title against the Defendants, which they were at liberty to defeat if they could.

I also think the court erred in not permitting the Defendants, Henry L. and Julian Babcock, to go to the jury upon the question of their liability for the trespass. The lending of his horses by Henry to Herrick, although he knew he wanted them to use in moving the building, would not make him liable for its removal, any more than the loan of an axe that the lender knew was wanted by the borrower·to be used in committing a trespass upon his neighbor's land would be liable for such trespass. According to the evidence on his part, this was all he did. Julian, according to his testimony, did nothing. The evidence of the Plaintiff, if true, showed both liable. But as the evidence upon another trial may vary, I shall not discuss this part of the case any further. Upon the first ground the judgment must be reversed as to all the Defendants, and a new trial ordered.

All concur as to the result.

Reversed.