## MIERSCH v. BIVIN.

(Supreme Court, General Term, Second Department. February 13, 1893.)

**ACTION FOR RENT—DIRECTING VERDICT.**

In an action for rent, plaintiff's evidence tended to show a lease by him to defendant, and that defendant took possession under this lease. Defendant denied the lease, and stated that he entered under a contract to purchase from one B., who was the owner of the fee, and who was then in possession. *Held,* that there was an issue of fact thus presented, and the direction of a verdict for plaintiff was improper.

Appeal from circuit court, Putnam county.

Action by Oscar Miersch against Felix C. Bivin for rent. From a judgment for plaintiff, entered on a verdict directed by the court, defendant appeals. Reversed.

Argued before BARNARD, P. J., and PRATT, J.

Eugene B. Travis, for appellant.
Clayton Ryder, for respondent.

BARNARD, P. J. Henry R. Baldwin rented to the plaintiff a farm of 30 acres in Carmel, Putnam county, for one year from the 15th day of January, 1890, at the yearly rent of $350, payable monthly. On the 8th of October, 1887, the farm belonged to one Henry S. Baldwin,

and he on that day conveyed the title to Laura Baldwin, reserving a life estate to himself, the grantor therein. On the 10th of February, 1888, Henry S. Baldwin conveyed this life estate to Henry R. Baldwin. It will be seen from these facts that, when the plaintiff took his lease, Henry R. Baldwin owned the right to use the farm during the life of Henry S. Baldwin. The plaintiff gave evidence tending to show that he leased the property to defendant for the remainder of his term at the same rent he was to pay his landlord, Henry R. Baldwin, therefor, and that the defendant agreed to pay the same to plaintiff, and entered into possession under that agreement. The defendant denies this agreement, and gives evidence to the effect that he bought the property of Laura Baldwin, and entered into possession in May, 1090, under an agreement to purchase of Laura Baldwin; that Laura Baldwin was in possession before the defendant entered; and that she delivered possession of the premises to him. This made an issue of fact for the jury. The plaintiff was bound to prove the conventional relation of landlord and tenant between himself and the defendant, and he gave plain, and apparently convincing, evidence that there was such a relation created by the act of the parties. The defendant gave equally clear, and apparently convincing, testimony to the contrary, and, further, that he took possession under a contract to purchase from an owner of the fee in possession, and that no such relation of landlord and tenant existed between the parties. It is not clear that Laura Baldwin did not have the right of re-entry. As the case stands, proof that the life estate had not paid taxes, and insured the property, as bound by the clause reserving the life estate, was offered, and rejected. At all events, the defendant, on his theory, was not plaintiff's tenant, and was bound to acknowledge his own lease. Tilyou v. Reynolds, 108 N. Y. 558, 15 N. E. Rep. 534. There should be a new trial, with costs to abide event.