(76 Misc. Rep. 569.)

### LARSEN v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, Second Department.   May, 1912.)

LANDLORD AND TENANT (§ 186*)—HOLDING OVER—LIABILITY FOR RENT.

Where a municipal corporation, after the expiration of the lease of certain premises used as a corporation yard, continued in possession, it was liable for rent, in the absence of an allegation and proof of eviction; and this, though the city's possession of a portion of the premises was somewhat interfered with.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 755–762; Dec. Dig. § 186.*]

Appeal from Trial Term, Kings County.

Action by Magnus Larsen against the City of New York to recover rent for premises occupied as a corporation yard in Long Island City. Defendant denied occupancy, and claimed surrender before the expiration of the lease; plaintiff's cause of action being for rent accruing from October, 1906, to October, 1907. From a judgment for plaintiff for $500, the City appeals. Affirmed.

Argued before KELLY, JAYCOX, and CLARK, JJ.

Archibald R. Watson, Corp. Counsel, for appellant.

John B. Merrill, for respondent.

PER CURIAM. The question whether the city surrendered the premises prior to October 1, 1906, was a question of fact. The plaintiff testified that the city continued in occupancy during the entire year, from October 1, 1906, to October 1, 1907, and he was corroborated by Mr. Lucien Knapp, who was superintendent of the street-cleaning department at the time. The premises in question were used as a corporation yard, and were under the control of Mr. Knapp. The finding of the justice that the city held over appears to have support in this testimony, and, indeed, the city's testimony to show surrender is not at all definite or convincing.

As to the claim of the city that the plaintiff accepted surrender by leasing stalls in a building on part of the property to the American Express Company prior to October, 1906, the evidence does not bear out this claim. It shows an immaterial change in the boundaries of the demised premises, by which the city occupied a much larger area of vacant ground—which was what was required for the purposes of a corporation yard—and the plaintiff used in exchange the part of the barn or building in which he leased the stalls. This was by arrangement with the city authorities, and was an immaterial

and insignificant change. The reference to lot numbers on a map in this locality in Long Island City is not of great moment. At any rate, the city does not allege, and has not proved, an eviction. The city could not go on occupying the premises and refuse to pay rent because its possession of a portion thereof was interfered with. Vernon v. Smith, 15 N. Y. 327; Smith v. Barker, 112 App. Div. 187, 98 N. Y. Supp. 365; Austin v. Strong, 47 N. Y. 680; Boreel v. Lawton, 90 N. Y. 293, 43 Am. Rep. 170.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs.