GREELEY SQUARE HOTEL COMPANY, Plaintiff, *v.* ARROW BUS INTERSTATE COMPANY, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, April 1, 1929.

*William Lurie* [*David S. Konheim* of counsel], for the plaintiff.

*Talley & Lamb* [*Alfred J. Talley* of counsel], for the defendant.

SULZBERGER, J. This is a motion for summary judgment. Plaintiff is the owner of the Hotel Martinique. Defendant owns and operates motorbuses running between New York and New Jersey. In furtherance of its business, defendant required a New York terminus where it could park its buses, take on and discharge passengers, and furnish information and other usual accommodations incident to its business. By oral agreement, confirmed by letter from defendant to plaintiff, dated February 10, 1926, the latter agreed to furnish the foregoing facilities to the defendant for $300 per month. Although defendant made use of such facilities from August 1, 1927, to September 15, 1927, it declined to pay the agreed price of $450.

Defendant resists payment on the ground that the space in front of the Hotel Martinique is a public highway, to which plaintiff

has no title, and over which all persons, including defendant, have an easement and right of way, and that the alleged agreement of lease is illegal and void, under Penal Law (§ 444). The defendant's position is untenable. The defendant is estopped to deny the binding force of its agreement. Both parties shared the belief that plaintiff had the right to grant or withhold the privilege which defendant sought. Defendant received the precise benefit for which it bargained. It did not intend to occupy the streets as a trespasser. It wished to occupy them under color of the right which the consent of the plaintiff conferred. Under color of that right it went into and retained that possession, undisturbed and unchallenged, up to September 15, 1927.

The elements of an estoppel are thus present, and the alleged defect in plaintiff's title is not available as a defense to this action. (Cf. *Tilyou* v. *Reynolds*, 108 N. Y. 558, 562, 563; *Farnsworth* v. *Boro Oil & Gas Co.*, 216 id. 40.) As was said by Judge CARDOZO, now Chief Judge (*Farnsworth* v. *Boro Oil & Gas Co.*, *supra*, 47): " If one enters upon land in subordination to the right of another who asserts the power to exclude him, it is never an answer to say, while enjoying unchallenged occupancy, that the power of exclusion was unreal."

Motion granted.