Brewster, J.
(dissenting). I dissent because, to me, it is not clear that the decision of the board was based upon such evidence as there was which tended to support the validity of claimant’s Florida decree of divorce. In their memorandum of decision the board cited Williams v. North Carolina (317 U. S. 287) and said: “* * * we do not believe we are justified in going behind * * * the Florida decree in reference to bonafide domicile and residence therein, to determine if the divorce granted was invalid in this State.” Under the later decision in the Williams case (Williams v. North Carolina,. 325 U. S. 226), the decision quoted was error. The board’s' finding of fact as to the issue of matrimonial status was simply and only that the Florida decree."was valid ”. This was a finding of law. The references in the memorandum of decision to evidence tending to support the validity of the foreign decree are insufficient to convince me that the claim was dismissed on the facts. Rather it seems to have been upon an erroneous conception of law. The basic issue is as to matrimonial status. In the transaction out of which it arises respondent is representative of no privy in blood, estate or contract. Thus it may not avail itself of the defense of estoppel. (19 Am. Jur., Estoppel, §§ 152, 153; Walrath v. Redfield, 18 N. Y. 457; Smith v. Babcock, 36 N. Y. 167.) The decision should be reversed and the matter remitted for further consideration and decision on the facts.
Hill, P. J., Heffernan, Foster and Lawrence, JJ., concur in memorandum by. the court; Brewster, J., dissents in opinion.
Decision affirmed, with costs to the Workmen’s Compensation Board.