Van Voorhis, J.
Defendant administrators appeal from an order denying their motion for summary judgment dismissing the complaint. The complaint alleges that on May 28, 1944, plaintiff and defendants’ intestate entered into a lease for a term commencing June 1, 1944, and later extended to May 31, 1947, of a parcel of land 150 feet in width along the Harlem River, that plaintiff entered into possession as lessee, occupied the entire premises and paid the monthly rental for the extended term of the lease, and vacated possession upon its expiration. There is no allegation that plaintiff was ousted, or that its possession was interfered with at any time in any manner. The action is to recover the aggregate of all rents paid by plaintiff for the three years during which it was in occupation, for the *140 reasons, as alleged in the first cause of action, that“ At no time herein mentioned, did defendants’ testatrix [sic] or defendants own or have any right, title or interest in or to any portion of the premises described in said lease and extension agreement situated or lying within 70 feet of the edge or bank of the Harlem River ”; and, as alleged in the second cause of action, that “ 9. Prior to the execution of said lease and extension agreement, defendants’ testatrix represented to plaintiff that she was the owner of the entire premises described therein. 10. Such representation was false when made. 11. Defendants’ testatrix well knew such representation to be false when made. 12. Plaintiff relied upon such representation in entering into said lease and extension agreement and in paying the rent thereunder ”, by reason whereof plaintiff claims to have been damaged in the amount of the total of the rent paid.
The answer alleges that plaintiff is estopped to dispute the title of defendants’ decedent to any part of the demised premises, or to deny the relationship of landlord and tenant during the term of said lease and extension. It is a fundamental principle in the law of landlord and tenant that the tenant is estopped to question the title of his landlord, unless the tenant has abandoned possession or in the absence of eviction by another under a superior title (Tilyou v. Reynolds, 108 N. Y. 558; Vernam v. Smith, 15 N. Y. 327). Tested by this rule, the first cause of action is clearly insufficient.
In support of the second cause of action, plaintiff’s treasurer has made affidavit that prior to the making of this lease plaintiff, which owned and operated a coal yard upon land immediately adjacent, made a practice of storing excess coal upon that portion of the demised premises lying within a depth of seventy feet along the Harlem River. This strip is referred to in the moving papers as River or Exterior Street. The answering affidavit further states that just prior to the execution of this lease, one of defendants stated to plaintiff that he owned the said seventy-foot strip of land, and that unless plaintiff’s coal was immediately removed therefrom, he would cause it to be plowed under and used as fill. Plaintiff’s contention is that at no time did plaintiff have occasion to use any of the demised premises except said seventy-foot strip, and that this lease was negotiated and executed due to defendants’ threat to prevent plaintiff from using this strip for the storage of its coal.
Plaintiff’s answering affidavit further states that inore than ten years prior to the execution of this lease an adjudication *141 had been made that the title to Eiver or Exterior Street, was in the city of New York, and that none of the defendants nor their intestate had any title in or to it.
This statement is conclusory. It does not recite any adjudication in an action or proceeding involving this particular property. It does not meet the requirement that evidentiary facts shall be set forth by affidavit in opposition to a motion for summary judgment but, assuming that this averment refers to some final order or judgment determining that the city owns Exterior Street, that would be insufficient to sustain plaintiff’s cause of action, even on plaintiff’s theory, if the abutting owner, in this instance defendants’ intestate, had some right or color of right or easement therein. This whole question was examined and analyzed in City of New York v. Wilson & Co. (278 N. Y. 86, 100, 103) wherein it was held that owners of land abutting on Exterior Street retained some rights therein as related to their riparian rights derived from the ownership of the original upland. To the same effect is City of New York v. Third Ave. Ry. Co. (294 N. Y. 238, 243). Defendants’ intestate’s riparian rights might well have been adversely affected by the piling of plaintiff’s coal upon the portion of this strip in front of intestate’s property.
Plaintiff had no right to this seventy-foot strip whatever. The undisputed fact is that defendants’ intestate performed what she bargained to do under the terms of the lease; she put plaintiff into complete and uninterrupted possession of this strip and the rest of the demised premises for the duration of the tenancy.
Plaintiff has contended successfully that the charge of fraud takes the second cause of action out of the rule that an unevicted tenant is estopped to question the title of his landlord. We do not decide whether that would be true if the alleged misrepresentation forming the basis for the fraud related to something other than the very covenant of title or quiet enjoyment which is the foundation of the estoppel, nor if the tenant were suing for damages due to inability to assign a lease in consequence of fraudulent representations of marketability of title. If plaintiff be correct in its present contention, the rule mentioned — that superior title in another is no defense in the absence of eviction — would be undermined and nullified in every instance where the landlord or vendor knew the actual facts rendering his title defective. This rule is of ancient origin, and owes its continuance to the practical exigencies of real estate titles. The city never attempted to dispossess plaintiff.
*142 The decisions holding landlords liable for fraud in the making of leases relate to other situations. We are not called upon to decide what the law is where there has been a fraudulent misrepresentation of the landlord’s title without color of any right, title or interest, nor whether damages might be recovered which resulted from falsely and fraudulently representing that title is marketable. No building was erected by the tenant, which merely used the land for the storage of coal that has been entirely removed since the expiration of the extended term of this lease. The tenant is not claiming damages from inability to sell or to assign, after having been induced to invest money in improving the premises through fraudulent representation that the title was marketable. This tenant has received exactly what it bargained for.
The argument for plaintiff that such an estoppel is limited to the period during which the tenant holds possession has no relation to the facts here presented. That rule is usually invoked where the tenant seeks to assert some title in himself in superiority to that of the landlord. That may be done against the landlord after the expiration of the lease, but here the tenant admits that it held no title whatever and was a mere squatter.
This motion by defendants for summary judgment is properly made under rule 113 of the Buies of Civil Practice, since the documentary evidence is supplied by covenants in the lease.
The order appealed from should be reversed, with $20 costs and printing disbursements upon this appeal, and the motion by defendants-appellants for summary judgment dismissing the complaint should be granted and judgment is directed to be entered dismissing the complaint herein, with costs.
Peck, P. J., Glennon, Cohn and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and printing disbursements upon this appeal, and the motion by defendants-appellants for summary judgment dismissing the complaint granted, and judgment is directed to be entered dismissing the complaint herein, with costs.