ILKA A. NEMETTY, Appellant, *v.* JOSEPH NAYLOR et al., Respondents.

Where summary proceedings, instituted to remove a tenant holding under a lease executed by a firm, are founded upon an affidavit in which one of the members of the firm is described as the lessor, he must be regarded as representing the actual lessor, and a judgment therein against the lessee is to be considered as a judgment in favor of the firm.

The informality does not invalidate the proceedings and judgment, and so is no objection to the judgment when collaterally brought in question ; it may only be taken advantage of on objections taken in the proceedings.

Where the summons in such proceeding was made returnable December 10, which was Sunday, but in the copy served the return day was stated to be December 9, and on that day the parties appeared and consented to proceed, without any objection being taken on account of the mistake, — *Held*, that it was thereby waived, and the assent to proceed conferred jurisdiction.

Where a justice, before whom such proceedings were instituted, in the record stated that the tenant "appeared not," but in a return to a *certi-*

*orari* wherein the proceedings were set forth in detail, it was stated that defendant appeared personally and with counsel and consented to a judgment against her, whereupon judgment was rendered as by default. *Held*, that the record was not conclusive where it came in question collaterally, but must be considered in connection with the return.

In an action to recover damages for an alleged breach of contract it appeared that plaintiff went into possession of certain premises under a written lease from J. N. & Co., a firm in which defendants were the copartners, for a year from May 1, 1876; that she paid the rent for two months, when certain verbal agreements were made between her and defendants to the effect that they were to make certain repairs and alterations, and when completed, plaintiff was to take a lease for a term of years at an increased rental, she to pay no rent while the repairs were being made, and to receive credit for the rent paid. It appeared that summary proceedings were instituted on behalf of defendants in December, 1876, to dispossess plaintiff because of non-payment of rent due under the original lease; that plaintiff appeared therein and consented to a judgment which was entered as by default. *Held*, that said judgment was a bar to the action as it necessarily determined that plaintiff held only under the lease set forth in the affidavit, and that defendants were entitled to the possession; that if plaintiff was entitled to possession under the new agreement, no judgment of removal was authorized and she should have set it up and proved it, and not having done so, the judgment was conclusive that no other tenancy existed; and, as plaintiff had no right to possession, she had no claim for damages.

(Argued October 29, 1885 ; decided November 24, 1885.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made June 15, 1882, which affirmed a judgment in favor of defendants, entered upon a verdict.

This action was brought to recover damages for an alleged breach of a contract to alter over certain premises and fit them for a school, and to execute to plaintiff a lease thereof for a term of years.

The plaintiff in May, 1876, went into possession of a dwelling-house in the city of New York, belonging to the defend-ants, under a written lease from the firm of J. Naylor & Co., of which firm defendant was the copartner, for one year from May 1, 1876, at a rental of $1,000, payable monthly in advance. The rent for May and June was paid. The plaintiff

gave evidence tending to show certain verbal agreements between herself and defendant in June and July, 1876, whereby the landlords were to make extensive repairs and alterations to fit the premises for a school, the work to be finished by October 1, the tenants to pay no rent until their completion and to have the premises for ten years at an increased rent, receiving credit for the rent paid for May and June, and the cost of repairs done by her.

It appeared that in December, 1876, summary proceedings were commenced in behalf of H. Naylor, as landlord, against the plaintiff, to dispossess her for non-payment of rent, reserved in the written lease. Judgment was rendered therein against plaintiff, which defendants set up as a bar to this action.

The further material facts are stated in the opinion.

*Everett P. Wheeler* for appellant. To render an adjudication in a former suit a bar to a subsequent suit, the two suits must be between the same parties (including privies). (*Goddard* v. *Benson*, 15 Abb. Pr. 191; *Case* v. *Reeve*, 14 John. 79; *Knauth* v. *Bassett*, 34 Barb. 31; *Brower* v. *Bowers*, 1 Abb. App. Dec. 214; *O'Connor* v. *Bagley*, 3 E. D. Smith, 149; *Bennett* v. *Leach*, 25 Hun, 178; *Scott* v. *Stebbins*, 91 N. Y. 605; *Atl. Dock Co.* v. *Mayor, etc.*, 53 id. 64; *Detroit* v. *Houghton*, 42 Mich. 459; *Fifield* v. *Edwards*, 39 id. 264; Freem. on Judgm. [2d ed.], § 171 *a*, §§ 161, 159.) A judgment is no bar where the point in controversy is a mere matter of inference from the first adjudication. (*Steele* v. *Lord*, 28 Hun, 27.) The record was not a bar to this suit, because the demands alleged in the complaint in this suit, which are against Joseph Naylor and Henry Naylor jointly, were no defense to the summary proceedings before the justice and were not proved therein. (*Yates* v. *Fassett*, 5 Den. 29; *Kelsey* v. *Ward*, 38 N. Y. 83; *Brown* v. *Gallaudet*, 80 id. 413; *Morgan* v. *Powers*, 66 Barb. 335; *Le Guen* v. *Gouverneur*, 1 Johns. Cas. 436; *Knox* v. *Hexter*, 42 Super. Ct. 8; *People* v. *Kelsey*, 1 Barb. 269; *La Farge* v. *Mansfield*, 31 id. 345; *Dingan* v. *Hogan*, 16 How. Pr. 164; 1 Bosw. 646; *Jarvis* v. *Driggs*, 69 N. Y. 143.) The oral

agreements were independent of the written lease. Their object was never carried out. The lease was under seal. An instrument under seal cannot be modified or annulled by an executory parol contract. (*Delacroix* v. *Bulkley*, 13 Wend. 71; *Allen* v. *Jaquis*, 21 Wend. 628; *Hasbrouck* v. *Tappen*, 15 Johns. 200; *Coe* v. *Hobby*, 72 N. Y. 141.) The judgment was not a bar because the record affirmatively shows that the justice had not acquired jurisdiction to proceed judicially. In a legal view he acted only as a volunteer accepted by the parties to register the tenant's consent to a removal. (*Sagendorph* v. *Shult*, 41 Barb. 102; 2 R. S. [Bank's 6th ed.] 928.) In order that a judgment by default should bar a subsequent action, the cause of action must be strictly the same. (Wells on *Res Adjudicata*, 369; *Van Alstyne* v. *R. R. Co.*, 34 Barb. 28; *Sherwood* v. *Haight*, 26 Conn. 432.)

*Albert Matthews* for respondents. If the alleged agreement was made and was valid, and the plaintiff neglected to perform her part of it, or if the defendants fully performed their part of it, then the plaintiff has no cause of action here, and she had no defense to the proceedings in dispossession before the justice. (*Burnett* v. *Scribner*, 16 Barb. 621; *Rapp* v. *Williams*, 4 Super. Ct. 174.) If the agreement was valid, it operated at least as a modification of the original lease to the same extent as if incorporated therein, and it was a substitution *pro tanto* for the same; and under it there was no rent due from the plaintiff at the time of the dispossession. (*Van Rensselaer* v. *Penniman*, 6 Wend. 578; *Schifflier* v. *Carpenter*, 15 id. 407; *Allen* v. *Jaquith*, 21 id. 634; *Blanchard* v. *Truss*, 38 N. Y. 227; *Fish* v. *Cattenett*, 44 id. 542; *Proctor* v. *Thompson*, 13 Abb. [N. S.] 342; *People* v. *Rickerts*, 8 Cow. 231; *Lounsbury* v. *Snyder*, 31 N. Y. 514.) The subject-matter of this action being, therefore, necessarily involved in the adjudication in the summary proceedings before the justice, his judgment is final and conclusive against the plaintiff upon all matters now sought to be litigated in this action. (*Birkhead* v. *Brown* 5 Sandf. 134; *Gates* v. *Preston*, 41 N. Y. 113; *Brown* v.

*Mayor, etc.*, 66 id. 385 ; *Smith* v. *Smith*, 85 id. 436 ; *Pray* v. *Hegeman*, 98 id. 351.) The circumstance that the original summons in the " dispossessory proceedings " was unlike the " copy " served, by being returnable on a different day (inasmuch as the parties appeared upon the lawful return-day named in the " copy," and assented to the procedings) was immaterial and does not invalidate the judgment of the justice. (Code of Pro., §§ 723-4 ; *Near* v. *Van Alstyne*, 14 Barb. 230 ; *Perry* v. *Tynen*, 22 id. 139 ; *Bradbury* v. *Van Nostrand*, 45 id. 194 ; *Pixley* v. *Winchell*, 7 Cow. 366 ; *Malone* v. *Clarke*, 2 Hill, 659 ; *Clapp* v. *Graves*, 26 N. Y. 419 ; *Gibbon* v. *Freel*, 93 id. 962 ; *McCoun* v. *N. H. & N. Y. C. R. R. Co.*, 50 id. 177.) The circumstance that the " affidavit " in the summary proceedings described the " landlord " of the premises and lessor in the written lease as " H. Naylor," is immaterial, and does not render the judgment any less conclusive as an estoppel upon the parties to this action. (*Lawrence* v. *Hunt*, 10 Wend. 82 ; *Bates* v. *Stanton*, 1 Duer, 87.) Irrespective of the defense of estoppel by *res adjudicata*, the alleged agreement, of which the alleged breach is the foundation of the plaintff's supposed legal cause of action, appears to be wholly void by the statute of frauds. (1 R. S. 135, §§ 6, 8 ; *Mechelen* v. *Wallace*, 7 Ad. & Ell. 49 ; *Thayer* v. *Rock*, 13 Wend. 53 ; *Rose* v. *Truax*, 21 Barb. 376 ; *Dung* v. *Parker*, 52 N. Y. 494 ; *Organ* v. *Steward*, 60 id. 419.)

MILLER, J. The question to be determined in this case is whether the record introduced on the trial by the defendant was a bar to this action and, the complaint properly dismissed on that ground.

We think that the adjudication in the summary proceedings was final and conclusive and is a bar to the plaintiff's right to recover in this action. The judgment beyond any question settled the facts as to the tenancy existing between the plaintiff and the defendants ; the non-payment of rent due and unpaid and the holding over after default in payment by the plaintiff, and, unless there was some invalidity in the proceed-

ings which affected the authority of the court and rendered its
judgment inoperative and void, or a want of jurisdiction over
the parties, it is not apparent how the proceedings can be disre-
garded.   The objection urged that the record was not a bar
because the proceedings before the justice were not between
the same parties who are parties to this action  is without merit.
The fact that the affidavit upon which the summary proceed-
ings were founded described the landlord and lessor of the
premises as H. Naylor is enough to show that he must be re-
garded as representing the landlords, and the judgment must
be regarded as in favor of the landlords.   The firm was bound
by the action of one of its members, and is entitled to all bene-
fits arising from the judgment.   The subject-matter was iden-
tical and the parties the same in person, or by representation
and privity.   The "H. Naylor" named was the representative
of the defendants in this action.   Although the lease, under
which the plaintiff held, was in the name of " J. Naylor &
Co." as landlords, the proceedings in the name of "H. Naylor"
were not invalid unless objection was taken to this informality.
This was not done upon the hearing before the justice and the
identity of the parties was averred in the plaintiff's complaint
and by defendants in their answer, and was conceded by all
parties upon the trial of this action, and the "lease" and "rec-
ord" of the proceedings were also received in evidence without
any objection whatever.

As the case stands, it cannot be maintained that the proceed-
ings had to dispossess plaintiff were not actually between the
same parties, and did not relate to the same premises and sub-
ject-matter which are in controversy in this action.   Although
it may be conceded that the plaintiff would not be bound to
recoup the claims which are the subject of this action, if an
action had been brought by the defendants to recover rent for
the demised premises against the plaintiff, and a judgment for
such rent would be no bar to the plaintiff's action for damages,
yet it cannot be denied, we think, that the adjudication in the
summary proceedings was a final determination as to the rights
of the parties to the premises under the lease or contract ex-

isting between them.  Either the plaintiff or the defendants had a right to the possession of the premises.  If, under any agreement, the plaintiff had such a right she could not be dispossessed or removed.  Any agreement which authorized her to keep possession was a perfect defense to the summary proceedings for her removal, and if such an agreement existed no judgment of removal was authorized.  Such agreement not having been set up or proved, the plaintiff is not in a position to claim she had a right to the possession of the premises.  She has had her day in court with full opportunity to be heard and to assert and protect her rights, and, having failed to do so at the proper time, the record of the proceedings, upon which she might have done so, is a bar to her right to recover in this action.  The judgment is conclusive that no other tenancy existed than that which was claimed in the proceedings had, and also as to the rent due and unpaid and the holding over after default in its payment.

The plaintiff's claim in this action rests entirely upon a verbal agreement which was inconsistent with the written lease under which the proceedings were had to remove her, which verbal agreement included a suspension of the payment of rent until certain alterations and repairs were completed.  She proved that these were not done when she was removed under the proceedings had against her.

The judgment established the lease set forth in the affidavit which upheld the landlord's right to the possession of the premises, and which was in entire conflict with any other or different agreement.  The written and verbal contracts were antagonistic to each other and could not stand together, and as the claim of the plaintiff results from the alleged parol contract, the existence of which is in direct conflict with the judgment between the same parties, it cannot be enforced in this action.

The objection urged, that the justice did not obtain jurisdiction in the summary proceedings for the reason that the original summons was unlike the copy, being returnable on the tenth of December, 1876, instead of the ninth, did not

render the proceedings before the justice nugatory and of no effect. The error was a clerical one and did not affect the substantial rights of the parties. It could be waived by consent or amendment. At most it was an irregularity, and the voluntary appearance of the party in accordance with the copy summons served, without making any objection to the error in the original process, was clearly a waiver of the defect. The mistake appears, from the return of the justice, to have been caused by an inadvertence of his clerk, and his attention was not called to it on the hearing. On the contrary, the parties both appeared upon the case being called, the tenant in person and by her attorney, the latter presenting the copy summons served, which was returnable on the ninth, and stated that the tenant did not propose to offer any opposition to the proceedings but asked for a stay of the warrant for a few days, whereupon the usual judgment was then entered by default. Under the circumstances, the alleged irregularity cannot be reviewed in a collateral proceeding, and cannot be regarded as affecting the validity thereof.

It cannot be said, we think, that the plaintiff was not bound by the statements of the justice upon the return to the *certiorari*. She was a party to that proceeding, and the return is controlling so far as the rights of the parties affected are concerned. Although it appears from the return that the tenth day of December, 1876, was Sunday, it also shows that in point of fact the copy summons served was returnable on the ninth, and that the parties then appeared and consented to proceed, thus waiving the objection to the error now alleged, and it by no means follows that no jurisdiction was acquired by the justice. The assent of the parties that the summons was returnable on the ninth of itself conferred jurisdiction. The statement in the record of the justice that the tenant appeared not is not conclusive, and must be considered in connection with the return to the *certiorari*, wherein it is stated, among other things, that the justice rendered judgment as by default, although the parties really appeared and consented to the same.

The appellant cites the case of *Jarvis* v. *Driggs* (69 N. Y. 143) to sustain the position that the judgment is not conclusive as to the amount of rent due, and claims, therefore, that it cannot be conclusive as to the amount of damages in an action for a breach of an independent and subsequent agreement to make alterations. The answer to this position is that the judgment established a tenancy which had expired, and the plaintiff had no right whatever to the possession of the premises, and no claim for damages under any agreement in regard thereto.

There was no error committed on the trial, and the judgment should be affirmed.

All concur.

Judgment affirmed.