THORN *et al. v.* SUTHERLAND *et al.*

(*Supreme Court, General Term, First Department.* January 28, 1889.)

FIXTURES—AGREEMENT TO REMOVE.

Plaintiffs leased certain property of defendant S., who immediately assigned the lease to one P., in whom was the legal title. P. authorized S. to collect the rents. Thereafter P.'s executrix obtained a judgment against plaintiffs in summary proceedings for non-payment of rent, whereupon plaintiffs surrendered possession. Subsequently S. and his attorney agreed that certain personal property in the nature of fixtures, which plaintiffs had placed on the premises while they were in possession as tenants, might remain thereon until it could be sold for plaintiffs' benefit. Still later, S. acquired the legal title to the premises, and refused to surrender the fixtures to plaintiffs, and they brought this action against him and his tenant for conversion. It appeared that, though the legal title was in P. at the date of the original lease, he held it merely as security for advances made to S. *Held,* (1) that as the promise in regard to the fixtures was made after the surrender of possession, and not as an inducement to surrender, it was without consideration and void; (2) that the judgment of dispossession was an adjudication, binding on plaintiffs, that P.'s executrix was the landlord, and entitled to possession; (3) that, as the executrix was not a defendant in this action, evidence as to whether the attorney had authority from her to make the agreement in regard to the fixtures was entirely immaterial.

Appeal from circuit court, New York county.

Action by Thomas H. Thorn and Oscar Thorn against James Sutherland and Herman T. Winter, to recover damages for defendants' alleged conversion of and refusal to deliver to plaintiffs certain fixtures left upon real estate by plaintiffs upon their surrender of such premises to Jemima Payne, as executrix of William Payne, deceased, upon a judgment dispossessing them as tenants. The complaint alleges that defendants, on or about May 1, 1877, wrongfully converted personal property belonging to plaintiffs, on real estate in the city of New York, "which said premises are owned by the defendant Sutherland, and by him leased to the defendant Winter." That on June 4, 1877, plaintiffs demanded, and defendants refused to deliver, said personal property, and wrongfully converted the same. Defendant Sutherland admits that he is the owner of the premises, and leased the same to the defendant Winter; and alleges that he (Sutherland) was on May 1, 1877, and now is, the true and lawful owner of the personal property described in the complaint. Defendant Winter denies the conversion, and admits he is the lessee of the real estate, and that the same belongs to defendant Sutherland. These allegations and admissions of ownership refer only to May 1, 1877. At the trial it was proved that on February 1, 1872, defendant Sutherland leased the premises to Isaac Carpenter and Thomas H. Thorn for ten years and three months, at a rent payable quarterly. That on the date of the lease defendant Sutherland assigned his interest therein to William Payne, who then held the legal title to the premises, but in reality only as security for advances made for the benefit of Sutherland. Notice of this assignment was given to the tenants, and Mrs. Payne, as executrix of William Payne, who died in July, 1878, gave an order to the tenants to pay Sutherland the rent. Upon this order the tenants paid rent to Sutherland. Plaintiffs claimed that there was evidence tending to show that Carpenter's interest in the lease was transferred to plaintiff Oscar Thorn. In September, 1876, summary proceedings for non-payment of the rent due August 1, 1876, for the quarter ending that day, were taken by Mrs. Jemima Payne, as executrix of William Payne, as landlord, against the tenants and their assignees, and alleged the transfer of the lease about February 1, 1872, from Sutherland to William Payne, and a judgment was rendered on September 9, 1876, in her favor by reason of the non-payment of the rent, and that a warrant issue to remove the tenants. Without awaiting the entry of this judgment, or requiring the issuing and execution of a warrant to carry it into effect, the tenants abandoned the premises, and claimed to have surrendered them. On leaving, the tenants left

upon the premises a quantity of property which was affixed to the freehold in such wise as to become the property of the landlord, unless it was removed by the tenants during the term. The tenants claimed that they left the property on the premises in pursuance of a request made by defendant Sutherland, or of permission obtained from and granted by him, and upon his agreement that they might remove the same. The property continuing on the demised premises, defendant Sutherland leased the premises in May, 1877, to defendant Winter. About May 1, 1877, plaintiffs demanded the delivery to them of the property by defendants; and on their refusal to deliver the same brought this suit for the alleged conversion and refusal to deliver on demand. Plaintiffs were nonsuited, and on appeal to the general term the judgment was reversed, and the cause remanded. 32 Hun, 241, *mem.* At the close of the second trial defendants moved to dismiss the complaint, upon the following grounds: That the lease under which the plaintiffs claim, by the assignment put in evidence, was first the property of Mr. Payne, and that subsequently the title thereto vested in Mrs. Jemima Payne, as executrix of his will; that the defendants were advised of the change of title, and the cessation of the relation of landlord and tenant between Sutherland, the original lessor, and themselves; that Mrs. Payne had made no agreement as to the occupation of the property, or the location, control, or disposition of the fixtures placed on the demised premises; that there was no evidence that Sutherland had any authority to make any arrangement in respect to them, upon which the plaintiffs rested their right to recover; that the evidence does not show that Sutherland was authorized to make any contract on behalf of the executrix, nor does the case present any facts and circumstances from which such an authority can be inferred; that there was no evidence tending to show that Mr. Speir (who had acted as attorney for Sutherland, and, it was claimed, for Mrs. Payne also) had any authority to make any agreement for Mrs. Payne in respect to the fixtures, nor any evidence tending to show that he made any such agreement for her; that there is no evidence tending to show that there was any agreement made by the executrix, or by any one authorized by her, with regard to the retention of the property upon the demised premises. The plaintiffs asked to go to the jury upon the question of the authority of Speir to represent Mrs. Payne. The court refused the application, and dismissed the complaint, upon the ground that the general term had already passed upon the question adversely to the plaintiffs, and the plaintiffs appealed.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*Robert A. B. Dayton,* (*W. A. Coursen,* of counsel,) for appellants. *Gilbert M. Speir, Jr.,* (*S. B. Brownell,* of counsel,) for respondents.

VAN BRUNT, P. J. An examination of the opinion delivered upon the previous appeal seems to us to dispose of all the questions involved in this appeal. It was distinctly held, under the facts as they then appeared, (and in these respects upon the new trial no change has been made,) that no cause of action was made out against the defendant Sutherland, but a new trial was ordered because of the error in excluding certain evidence which the court thought might tend to show that Mr. Speir was acting as the agent of Mrs. Payne. In making this decision it would seem that the court had overlooked the fact that Mrs. Payne was not a defendant in the action, and that it was entirely immaterial whether Mr. Speir had authority to act for Mrs. Payne or not. It seems to be urged upon this appeal that, because Mr. Sutherland is claimed to have had an equity of redemption in this property, therefore, he is liable. It appears, however, from the evidence, that Mr. Payne, and, after his death, Mrs. Payne, were at least mortgagees in possession; and it has been judicially determined by the dispossession proceedings, as between these plaintiffs' and Mrs. Payne, that Mrs. Payne was their landlord, and entitled to the possession of these premises as against them. *Ne-*

*metty* v. *Naylor*, 100 N. Y. 562.[1] And the surrender of the premises appears to have been to Mrs. Payne, and not to the defendant Sutherland. Upon the previous appeal it was held that whatever promises Sutherland made were entirely ineffectual to sustain this action, because the promise testified to was made at or about the time of the execution of the lease, and undoubtedly referred to the taking away of the property which the plaintiffs might place upon the premises during the lease; and the further promise, which seems to have been imported into this case, appears to have been made after the surrender of possession, and not as an inducement to surrender possession, and therefore was entirely without consideration, and, even if it had been made, would not form the foundation for the action in question. There seems, therefore, to be no basis upon which the action could be maintained against the defendant Sutherland; and as to whether Mr. Speir had authority to act for Mrs. Payne is entirely immaterial, as Mrs. Payne is not a party defendant in this action. The judgment should therefore be affirmed, with costs. All concur.