74  551
151a 122

LORENZ REICH, Appellant, *v.* WILLIAM F. COCHRAN, Respondent.

*Res adjudicata — landlord and tenant — judgment in summary proceedings for non-payment of rent — a bar to an action to avoid the lease for usury.*

A judgment of a District Court of the city of New York, rendered in a summary proceeding to recover the possession of premises for non-payment of rent, declaring the petitioner entitled to possession, is an adjudication that the relation of landlord and tenant existed between the parties thereto, and that there was a valid lease of the premises between them, and, when properly pleaded or the omission to plead it is waived, and sufficient facts to show the jurisdiction of the court to render it appear affirmatively upon the record, will bar a recovery in an action brought by the tenant in such judgment against the landlord therein to avoid the lease on the ground that it was in reality a mortgage to secure a usurious loan.

Defenses to such a judgment which might have been available on a direct appeal or on a motion to vacate the judgment, cannot be raised collaterally in another action.

APPEAL by the plaintiff, Lorenz Reich, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 2d day of March, 1893, upon a decision of the court rendered after a trial by the court at the New York Special Term, dismissing the complaint upon the merits.

*Delos McCurdy*, for the appellant.

*Treadwell Cleveland*, for the respondent.

O'BRIEN, J.:

This action was brought to have an agreement in the form of a lease from defendant to plaintiff declared a mortgage to secure a loan with usurious interest, and to have the same declared void and delivered up and canceled. The plaintiff, having obtained a lease of the Cambridge Hotel, assigned the same to defendant, who thereupon made a sub-lease of the same premises to plaintiff, which arrangement, the plaintiff alleges, was a mere cover for a usurious loan and should, therefore, be held void. As a defense it was alleged that defendant, through a duly authorized agent, served upon the plaintiff a three days' notice and demand for the payment

of a certain sum due as rent under said lease, or for the delivery of the premises, and that the plaintiff refused to pay the rent or deliver the premises. That thereafter defendant commenced summary proceedings to recover possession of the premises, by filing a petition with the clerk of the District Court according to the statute, praying for the removal of the plaintiff from possession of the premises and for delivery thereof to the defendant. That a precept was issued which was served on the plaintiff, who appeared by his attorneys, asked for an adjournment of the proceedings, which was refused, and judgment was thereupon rendered in favor of the defendant " that the said petitioner have possession of the said premises, and that a warrant issue to remove the said tenant and all persons from said premises, and to put the petitioner into full possession thereof."

Upon the trial the defendant offered in evidence a certified copy of this judgment, and thereupon moved for a dismissal of the complaint. As shown by the record, the following stipulation was made by the counsel : "For the purposes of this motion it is conceded that in August last a proceeding was instituted in the Sixth Judicial District Court in the city of New York, whereby this defendant sought to dispossess the plaintiff on the ground that there was a certain amount of rent due under the lease that is set up in the complaint, and that such proceedings were had on the 17th of August, 1892 ; a judgment was entered in favor of the petitioner that said petitioner have possession of the premises therein described by reason of the non-payment of the tenant's rent, and that a warrant issue to remove the said tenant and all persons from the said premises, and to put the petitioner in full possession thereof."

The court thereupon granted the motion and dismissed the complaint, "on the ground that this judgment is an adjudication that the relation of landlord and tenant existed between the parties ; that there was a valid lease of the premises described in the complaint, from the defendant to the plaintiff, and that the plaintiff is estopped by such adjudication from questioning the truth of those facts, the existence of the relation, and the execution of a valid lease." To this ruling the plaintiff excepted, and in support of such exception, upon this appeal, it is insisted that the learned justice erred.

It is urged that, in order that the judgment of the District Court should operate as an estoppel, or have the force accorded that was given to it by the judge in the court below, two things must concur: *First*, the judgment must be properly pleaded; and, *second*, the facts which conclusively established the jurisdiction of the court must affirmatively appear on the record of the judgment. With respect to the first, that the judgment was not properly pleaded, there are two answers, one, that this objection was not taken upon the trial, and another, that by the stipulation referred to it was impliedly waived. As to the necessity for stating the facts showing jurisdiction we think that, taking the certified copy of the judgment and the stipulation, sufficient facts affirmatively appear upon the record.

This being the situation upon the trial, we think the court correctly held that the plaintiff was estopped by such judgment from questioning the validity of the sub-lease.

In *Brown* v. *The Mayor* (66 N. Y. 385), and in *Jarvis* v. *Driggs* (69 id. 146), the extent to which the question of *res adjudicata* will be applied, showing that it includes summary proceedings, is fully stated. And in the opinion in the latter case the court, commenting upon *Brown* v. *The Mayor*, says: " This court decided that the question of the existence and validity of the lease between the plaintiff and defendants was conclusively established by the determination of the summary proceedings."

That the claim of usury sought to be made available in this action was equally available as a defense to the plaintiff in the proceedings in the District Court has been expressly held in *The People ex rel. Ainslee* v. *Howlett* (76 N. Y. 574). And in *Nemetty* v. *Naylor* (100 id. 562), which was an action brought to recover damages for an alleged breach of a contract to alter over certain premises and fit them for a school, and to execute to plaintiff a lease thereof for a term of years, and in which a judgment ·in summary proceedings was pleaded as a bar, Miller, J., in writing the opinion, says: " We think that the adjudication in the summary proceedings was final and conclusive, and is a bar to the plaintiff's right to recover in this action. The judgment beyond any question settled the facts as to the tenancy existing between the plaintiff and the defendants, the non-payment of rent due and unpaid, and the holding over after

default in payment by the plaintiff; and unless there was some invalidity in the proceedings which affected the authority of the court and rendered its judgment inoperative and void, or a want of jurisdiction over the parties, it is not apparent how the proceedings can be disregarded."

And that case is further authority for the proposition that an informality does not invalidate the proceedings and judgment, and is no objection to the judgment when collaterally brought in question; it may only be taken advantage of on objection taken in the proceedings.

So here, many of the grounds urged against giving proper force and effect to the judgment, and which might have been available upon a direct appeal therefrom, or upon a motion to vacate the same, cannot be resorted to for the purpose of attacking the validity of such judgment collaterally. Without discussing them all, we think it clearly appears from the record that the court obtained jurisdiction over both the cause and the parties; and when to this is added the facts appearing in the stipulation, that it affected the same premises and was between the same parties as are joined in this suit, we do not think the court would be justified in seizing upon captious objections, which were neither taken in the District Court nor upon the trial of this action in the court below — and which if they had been might have been obviated — for the purpose of destroying the binding force of the District Court judgment.

Upon the whole case we think that the decision dismissing the complaint was right, and that the judgment entered should be affirmed, with costs and disbursements.

Van Brunt, P. J., concurred.

Judgment affirmed, with costs.