(12 Misc. Rep. 149.)

### WYCKOFF et al. v. FROMMER.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.
   Where defendant, in a summary proceeding to recover possession of real estate, consents to the trial, and litigates the issues, he thereby waives the objection that the petition on which the precept was issued was not sufficiently definite in respect to the time of letting.

2. LANDLORD AND TENANT—EVICTION OF TENANT.
   There can be no eviction of a tenant without an abandonment of possession by him.

Appeal from Tenth district court.

Summary proceeding by Cora D. Wyckoff and others against Robert Frommer to recover possession of land. From a final order in favor of plaintiffs, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Joseph Martin, for appellant.
E. G. Duvall, for respondents.

BISCHOFF, J. This was a summary proceeding to recover the possession of demised premises for non-payment of rent. The precept was issued out of and made returnable to the Seventh district court, within whose jurisdiction the premises were situated, and the proceeding was, upon the service and return of the precept, with the written consent of the parties, transferred from said court to the Tenth district court for trial. Thereupon the trial was had in the Tenth district court, and the proceeding was determined by a final order, made by the justice thereof, and sitting in the last-mentioned court, awarding possession of the premises to the landlords. From the final order the tenant has appealed, and the return upon this appeal is from the Tenth district court.

The order appealed from is not void for want of jurisdiction of the justice who made it. Observing that there is no provision for retransfer of the proceeding to the court out of which the precept was issued, it is beyond dispute that it is not only the province, but the duty, of the justice sitting in the court to which the proceeding

has been transferred for trial, to make the final order, if the facts determined by the justice entitle the person seeking possession to such an order, and of the last-mentioned court to enforce it. Section 1357 of the consolidation act (chapter 410, Laws 1882; see Code Civ. Proc. § 2234) provides that summary proceedings to recover the possession of land must be had in the district court of the district within which the premises, or a portion thereof, are situated; section 1358 (Code Civ. Proc. § 2239), that all subsequent proceedings must be had in the court out of which the precept was issued, and to which it must be returnable, except as provided in section 1360; and section 1360 (Code Civ. Proc. § 2246), that the clerk of, or the justice sitting in, the court to which the precept was returnable, may, upon the consent of the parties, transfer the cause for trial to a district court of an adjoining district, which last-mentioned court shall possess the same jurisdiction and power, at its own courthouse, as if the premises were situated within its district. Having consented to trial in the court below, and litigated the issues, the appellant must be deemed to have waived the objection that the petition upon which the precept was issued was not sufficiently definite in respect to the time of the letting. Sims v. Humphrey, 4 Denio, 185; Nemetty v. Naylor, 100 N. Y. 562, 3 N. E. 497. The letting to the appellant appeared from the uncontradicted testimony of Duvall, a witness for the landlords. Duvall testified that in a proceeding by the same landlords to recover possession for the alleged expiration of the term, instituted in the Seventh district court, and in which the landlords were defeated, the appellant denied that the premises were demised to him for one month only, and testified that the letting was for a longer period at the monthly rental of $125, payable in advance. The appellant's testimony in the former proceeding was admissible upon the trial of this as admissions against interest, and so not objectionable as hearsay. It was competent also to prove the admissions by the testimony of one who was present and heard them made. The defense of eviction was not sustained. There can be no eviction without an abandonment of possession. Boreel v. Lawton, 90 N. Y. 293. It was contended on the appellant's behalf that because of the execution and delivery of a lease by the landlords or their agent to the appellant's undertenant, during the existence of the lease to the appellant, the latter was evicted, the later lease being inconsistent with the continuance of the first. Upon the landlords' defeat, however, in the former proceeding to recover possession, the lease to the appellant's undertenant was at once canceled, and from the unchallenged evidence upon the trial of this proceeding it appeared that the appellant continued in the uninterrupted possession of the demised premises, and of the rents and profits thereof, and that he was in such possession at the time of the trial. The landlords being tenants in common, and colessors of the appellant, either or both were entitled to possession and the payment of the rent. Hence proof of the agent's authority from one of the landlords and lessors to demand payment of the rent, and to institute this proceeding for nonpayment, was sufficient. The order should be affirmed, with costs.