### GOETSCHIUS et al. v. SHAPIRO et al.

#### (Supreme Court, Appellate Term. May 5, 1904.)

1. JUDGMENTS—RES ADJUDICATA—SUMMARY PROCEEDINGS—ACTIONS FOR RENT.

   A judgment roll in summary proceedings for nonpayment of rent, which contained the petition setting forth the necessary allegations to show defendants' liability, and which showed that defendants had answered and defaulted on the trial, was conclusive evidence, in a subsequent action for rent for the same period, brought by and against the same parties (the complaint in which contained the same allegations against defendants) as to all facts necessary to support a recovery except the amount of rent due.

2. LANDLORD AND TENANT—ACTIONS FOR RENT—UNTENANTABILITY OF PREMISES—EVIDENCE.

   In an action for rent, evidence *held* to show the untenantability of the premises within the meaning of a clause of the lease providing that rent should cease if damage to the premises should be so extensive as to render them absolutely unfit for occupation.

3. SAME—USE OF EXCESS STEAM—EVIDENCE—SUFFICIENCY.

   In an action for rent and for use by defendants of steam in excess of an amount fixed by the lease, evidence *held* insufficient to show the amount or value of the excess steam taken.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by John M. Goetschius and another, as trustee, etc., against Morris Shapiro and others. From a judgment for plaintiff, defendants appeal. Affirmed on condition.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Jacob Gordon, for appellant Levy.

Arthur N. Harris, for appellants Garfunkel and Shapiro.

J. M. Shellabarger, for respondents.

LEVENTRITT, J. The plaintiffs sued on written pleadings setting up two causes of action, and had recovery for the full amount on each. The first cause of action was for the rent of certain premises under a written lease for the months of June and July, 1903, aggregating $266.66. The lease was signed by the appellants Shapiro and Garfunkel, but not by the appellant Levy. The complaint alleged, however, that Levy entered into partnership with the others, and assumed liability under

the lease. Proof as to all facts as against all the defendants with the exception of the amount of rent due was made by the introduction in evidence of a judgment roll in summary proceedings brought by the plaintiffs against all the defendants, and which showed that possession had been awarded for the nonpayment of rent for the same months for which recovery of the rent is now sought. The petition in summary proceedings, in addition to all necessary allegations against the defendants Shapiro and Garfunkel, set forth substantially as in the complaint herein that the defendant Levy had entered the copartnership, had assumed liability for the payment of rent, and had attorned to the plaintiffs. All the defendants answered the petition, and then defaulted on the trial. The judgment thereupon rendered therefore became conclusive as to all the defendants "as to the existence and validity of the lease, the occupation by the tenant, and that rent is due, and also as to any other facts alleged in the petition or affidavit which are required to be alleged as a basis of the proceedings." Reich v. Cochran, 151 N. Y. 122, 126, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607; Stokes v. Foote, 172 N. Y. 327, 344, 65 N. E. 176; Nemetty v. Naylor, 100 N. Y. 562, 3 N. E. 497. The judgment roll in evidence below, therefore, proved all facts necessary to support a recovery except the amount of the rent due. As to this the answer raised an issue by a separate defense that, the premises being injured by fire on May 30, 1903, and having been rendered untenantable and uninhabitable, the defendants were relieved from the payment of the rent under paragraph 10 of the lease, which provided that rent should cease "if the damage be so extensive as to render the demised premises absolutely unfit for occupation." The justice found in favor of the plaintiffs for the full amount of the rent claimed. In this I am of the opinion that he erred, and that such finding was entirely against the weight of evidence. The defendants occupied the top loft of the premises in question, engaged in the cloth-sponging business. They received goods from customers, and sponged them on the premises. While the justice was entirely justified in rejecting the defendants' extravagant claims as to the continuance of the condition produced by the fire, he should have given the defendants credit for the time during which, on the undisputed testimony of the plaintiffs' own witnesses, it appears that a condition obtained rendering the loft absolutely unfit for occupation. The builder who made the repairs for the plaintiffs, and who saw the premises the day after the fire, testified that in the center of the loft, the dimensions of which were approximately 50x75, a strip over 8 feet in width was torn away. The plaintiffs' engineer admitted that about one-third of the roof was off. It appears that the opening was covered over, but this seems to have been but a temporary makeshift. The builder testified that every beam was burned, and that all of them had to be replaced. Fourteen men were engaged in the work of repair, which was begun on the 5th day of June and completed on the 10th. On this testimony, offered by the plaintiffs, and uncontradicted, the untenantability of the premises is apparent. Allowance should have been made for 10 days, or one-third of the rent for the month of June.

As to the second cause of action. This was for the use by the defendants of live steam in excess of the amount fixed by the lease set up

in the first cause of action. The lease shows that the landlord covenanted to supply the tenants with "live steam through a half (½) inch pipe to the extent of six horse power, said pipe to be installed and kept in good order and repair at the tenants' own expense and cost." The plaintiffs' agent testified that the defendants put in an inch pipe, and used steam from such pipe. This the defendants denied, but here again the justice was warranted in disbelieving the testimony. While the plaintiffs would be entitled to recover for the excess of steam furnished to or taken by the defendants, the record is barren of legal proof as to the amount or value of the steam taken. Although the lease contains no terms providing for payment for the use of the excess steam, there is sufficient in the proof to show an implied agreement, if not an express one, to pay the reasonable value of the excess. But the amount of the excess is not proved by competent testimony. The agent for the building, who was not properly qualified as an expert, was permitted to testify that a one-inch pipe would furnish twice as much steam as a halfinch pipe. The engineer, who presumably had expert knowledge, was not interrogated on the subject. Beyond this, however, there is no proof of the reasonable value of the excess taken. The agent testified that he "explained" to all the defendants that they would be charged $20 a month because of the excessive use of the steam, and that the defendants agreed to call and fix the matter up. They did not call, and there the proof ends. No testimony was given that $20 a month was a reasonable charge, and there is nothing in the lease which would show how the amount which the defendants were permitted to use was charged for. It is plain there was a failure of proof as to the second cause of action. On a retrial the plaintiffs can supply the missing evidence. For the present the judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event, unless the plaintiffs stipulate to reduce the judgment by the amount of the second cause of action, and by the further amount of $44.44, being one-third of the rent for the month of June, 1903.

Judgment reversed, with costs to appellant to abide the event, unless the judgment is modified as above stated, in which event the judgment, as modified, will be affirmed, without costs of this appeal to either party. All concur.