(108 App. Div. 23.)

### MOORE et al. v. GAIR.

(Supreme Court, Appellate Division, Second Department. October 20, 1905.)

LANDLORD AND TENANT—ESTOPPEL TO DENY LANDLORD'S TITLE.

 A tenant, taking possession of premises under a lease binding him to pay rent to two persons as lessors, cannot deny the title of the lessors by showing that one of them had no interest in the premises, though the lease was not signed by him at the time of the execution thereof by the tenant.

 [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 151, 152, 156.]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Lizzie M. Moore and another against Marie Gair. From a judgment dismissing the complaint, plaintiffs appeal. Reversed.

Argued before WOODWARD, JENKS, RICH, and MILLER, JJ.

Luther G. Billings, Jr., for appellants.

Robert Wylie May, for respondent.

RICH, J. This action was brought by the plaintiffs to recover a balance alleged to be due and owing from the defendant for rent. The defendant entered into possession of the premises, No. 1028 Beverly Road, in the borough of Brooklyn, under a written lease for the term of one year from the 1st day of May, 1904, at the yearly rent of $720, which she agreed to pay to the plaintiffs in 12 equal monthly payments of $60 each. It appeared upon the trial that the lease was not signed by the plaintiff George T. Moore at the time of its execution by the defendant. It ran to her, nevertheless, from both of the plaintiffs, and she took possession under it. Evidence was received by the trial justice showing that the plaintiff Lizzie M. Moore was the sole owner and that the plaintiff George T. Moore had no interest in the premises, to which plaintiffs' counsel excepted, and the complaint was thereupon dismissed on the ground that there was a misjoinder of parties plaintiff. This will not do. The defendant promised and undertook to pay the rent to the plaintiffs, and it was of no consequence to her whether the premises were owned by one or both of them. Having taken pos-

session of the premises under this lease, the relation of landlord and tenant was created, and she is estopped from denying the title of the lessors. Prevot v. Lawrence, 51 N. Y. 219; Tilyou v. Reynolds, 108 N. Y. 558, 563, 15 N. E. 534.

It was error to receive this evidence, and the judgment must be reversed, with costs. All concur.