### SEIBERT v. MOWBRAY.

(Supreme Court, Appellate Term. May 24, 1910.)

LANDLORD AND TENANT (§ 63*)—DENIAL OF TITLE—ESTOPPEL OF TENANT.

    Plaintiff, who was a tenant in common of the premises in question, leased the premises to defendant, and the tenant entered into possession of the premises, and paid rent to plaintiff's attorney. *Held*, in an action against the tenant for installments of rent, that he was estopped to allege that the proceeding could not be maintained, because the other cotenants were not parties thereto, as the fact that he and plaintiff entered into a lease, and he paid rent under the lease, was sufficient to establish

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the relation of landlord and tenant, and estopped him to dispute his landlord's title.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 166; Dec. Dig. § 63.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by William H. Seibert, as committee of Albert Harrison, an incompetent, against Sarah A. Mowbray. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Russell H. Robbins, for appellant.

George W. McCormick, for respondent.

SEABURY, J. This proceeding was instituted by the committee of the property of an incompetent person, who, with others, were tenants in common of the demised premises. The petition alleges, and the evidence established, that the petitioner entered into an agreement on March 18, 1904, with the tenant, under which the tenant agreed to pay the petitioner $50 per month, payable monthly in advance on the 1st day of each month, for the use and occupancy of said premises. The tenant entered into possession of the premises, and paid rent to the attorney of the petitioner. The last payment of rent under the lease was made in 1906, and the tenant has since continued in possession without the payment of rent.

It is contended by the tenant that, as the petitioner is the representative of one of the tenants in common, who are the owners of the premises demised, and the other co-tenants are not parties to this proceeding, this proceeding cannot be maintained. It is not essential upon this appeal to determine whether all of the tenants in common should have been made parties to the proceeding. The fact that the tenant and the petitioner entered into a lease, and that the tenant paid rent to the petitioner under the lease, is sufficient to establish as between them the contractual relation of landlord and tenant, and estops the tenant from disputing her landlord's title. Tilyou v. Reynolds, 108 N. Y. 558, 563, 15 N. E. 534; Wyckoff v. Frommer, 12 Misc. Rep. 149, 151, 33 N. Y. Supp. 11; Moore v. Gair, 108 App. Div. 23, 95 N. Y. Supp. 475.

Order reversed, and new trial ordered, with costs to the appellant to abide the event

PAGE, J., concurs. LEHMAN, J., concurs in result.