CARMELO LABIANCA, Appellant, *v.* ANGELO DIGIANNA, Respondent.

Supreme Court, Erie County, August 25, 1930.

*Ueck, Manchester & Carriero* [*John S. Carriero* of counsel], for the appellant.

*Fred S. Withey,* for the respondent.

HARRIS, J. This action was brought in the City Court of Buffalo by plaintiff to recover damages caused by the lack of repairs to premises which the plaintiff claims were rented from the defendant by the plaintiff under an agreement by the defendant to place such premises in repair. The plaintiff claims that the relation of landlord and tenant arose from an oral contract and there is no dispute that after the time at which the plaintiff claims such oral contract was made the plaintiff took possession of the premises referred to in the complaint. On trial there developed the facts that at the time at which the contract was alleged to be

made and at the time that the damage took place legal title to the premises was not in the defendant, such defendant having previously bought in such premises at a foreclosure sale but not having taken title to the same. With these facts before the City Court, the learned judge presiding at the trial dismissed the complaint, holding that as the defendant was not the owner of the premises at the alleged time of the making of the contract and at the time of the alleged damage the relationship of landlord and tenant could not exist and that, therefore, the defendant could not be held on the theory of being the landlord. I am of the opinion that the learned City Court erred in such conclusion. If the plaintiff established that such an oral contract was made, even though the defendant was not the legal owner of the premises assumed to be rented, and if the plaintiff entered into such premises as a tenant and agreed to pay rent to the defendant, then the plaintiff would be estopped from denying the title of his landlord, the defendant. (*Bedlow* v. *Dry Dock Co.*, 112 N. Y. 263; *Tilyou* v. *Reynolds*, 108 id. 558.) Estoppel is mutual. (*Atlantic Dock Co.* v. *Mayor*, 53 N. Y. 64; *Myers* v. *Cronk*, 113 id. 608.) In reference to the question of estoppel, the learned City Court in its decision apparently is of the viewpoint that because the City Court of Buffalo is without equity jurisdiction, the plaintiff could not avail himself of the claim that the defendant was estopped from denying his title, the learned City Court being evidently of the opinion that estoppel *in pais* is not applicable in a case at law; but the cases apparently hold that the doctrine of estoppel *in pais* is applicable in law as in equity. (*Witherell* v. *Kelly*, 195 App. Div. 227, 233; *Williamsburgh Savings Bank* v. *Solon*, 136 N. Y. 465, 474; *Tilyou* v. *Reynolds, supra.*) In view of this conclusion on my part that the plaintiff on proper proof may invoke the doctrine of estoppel *in pais* in this action, it becomes necessary to reverse the judgment of the learned City Court and to order a new trial to be held in the City Court of Buffalo before a judge other than the one who originally tried the action.

This appeal has been heard at Special Term on a return from the City Court of Buffalo which did not include the stenographer's minutes of the evidence. I have so heard and disposed of this appeal without the stenographer's minutes for the following reasons: The action itself cannot involve more than the sum of $500, the amount demanded in the complaint; the stenographer's minutes in the action, so I am informed, would have cost the sum of $125 and upwards; the reasons for the decision of the City Court of Buffalo are fully contained in the letter of the trial judge, dated January 16, 1930, written to interested counsel; section 49 of the

City Court Act (Laws of 1909, chap. 570, as amd, by Laws of 1929, chap. 530) provides that where it shall be necessary upon appeal to make return of the evidence taken upon the trial the stenographer be paid in advance the sum allowed him for reporting and transcribing the evidence in the action. In view of the above-mentioned letter of the trial judge it was not necessary that such evidence be included in the return and to my mind it would be an unfair burden to place upon the appellant the expense in excess of $125 to secure the right to argue an appeal from a so-called poor man's court in an action involving not more than $500.

The reversal of the judgment of the City Court and the granting of a new trial is allowed, with ten dollars costs to the appellant.