MORRIS GOLDSTEIN, Plaintiff, *v.* WARD J. TOTMAN, Defendant.

City Court of Albany, May 27, 1937.

*Snyder & Freedman* [*Maurice Freedman* of counsel], for the plaintiff.

*Harry A. Allan,* for the defendant.

DE STEFANO, J. The plaintiff and defendant, on September 15, 1936, entered into a written lease of premises 658 Myrtle avenue, the duration of the lease being nineteen months, viz., from October 1, 1936, to April 30, 1938.

Defendant entered into possession on or about September 25, 1936, remained until October 24, 1936, then vacated the premises, claiming same became untenantable and unfit for occupancy due to the presence of fleas therein. The plaintiff now sues to recover for the period the premises were vacant, from November 1, 1936, to April 30, 1937, viz., six months, at $47.50 per month, or $285, plus $14.50 advertising charges in attempting to rent same. Defendant pleads the Statute of Frauds as a defense and counterclaims for the amount expended in an endeavor to rid the premises of fleas.

The evidence taken on the trial disclosed that the plaintiff was not the owner of the demised premises, his wife having legal title thereto. In the written lease the plaintiff husband described himself as the lessor and signed the instrument in his own name, *and not as agent*.

The defendant contends that the lease made by plaintiff to the defendant was void and of no effect because plaintiff, the lessor, had no title to the premises at the time of the making of said lease, and, further, that, in making the lease, plaintiff was without legal authority to do so, inasmuch as he was not thereunto authorized by his wife in writing, as required by the provisions of section 259 of the Real Property Law, which provides as follows: " A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the lessor or grantor, or by his lawful agent thereunto authorized by writing."

Section 242 of the same law also provides in part as follows: " An estate or interest in real property, other than a lease for a term not exceeding one year, or any trust or power, over or concerning real property, or in any matter relating thereto, cannot be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing."

But in this case the plaintiff did not sign as agent; therefore, authorization in writing, as required by the above sections, was not necessary. He was merely the lessor. The lessee promised and undertook to pay the rent to the plaintiff, and it was of no consequence to him (defendant) whether the premises were owned by the plaintiff or his wife. Having taken possession under this lease, the relation of landlord and tenant was created, and defendant is estopped from denying the title of the lessor. Thus, for reasons of public policy, a tenant is never allowed to dispute his landlord's title after having accepted possession under him. This rule is elementary. The estoppel extends equally to both landlord and tenant, so that, while the tenant is estopped from denying the landlord's title, the landlord cannot allege that he had no title at the time of the demise. Nor can the tenant question the power of the lessor. (2 McAdam Landlord & Tenant [5th ed.], §§ 48, 345; *Moore* v. *Gair*, 108 App. Div. 23; *Labianca* v. *Digianna*, 137 Misc. 725; *Tilyou* v. *Reynolds*, 108 N. Y. 558; *Farnsworth* v. *Boro Oil & Gas Co.*, 216 id. 40, 46.)

In *Tilyou* v. *Reynolds* (*supra*) the court said (at p. 563): " It is well settled that if a party enters as lessee of another, and the right of the lessor is in no way altered, the lessee is estopped from denying that relation, or that the legal estate and reversion are in the lessor. The title he then acknowledges and accepts he must abide by while the relation lasts. The result is the same, although on the face of the lease it should appear that the landlord had no legal estate. If the parties agree that the relation of landlord and tenant shall be created, and this agreement is carried out by one being let into possession, then, as between them, the relation of landlord and tenant is created, and they are just as much estopped as if there had been no such statement. The foundation of the estoppel is the fact of the one obtaining possession and enjoying possession by the permission of the other. And so long as one has this enjoyment he is prevented by this rule of law from turning around and saying his landlord has no right or title to keep him in possession."

Plaintiff is the real party in interest. A recovery by him is a bar to all claims by others. (*Maynes* v. *Luciano*, 154 Misc. 519; *Borgos* v. *Price*, 140 id. 287.)

Defendant, having interposed the defense of constructive eviction, it is necessary to determine whether the leased premises became untenantable and unfit for occupancy, as provided in section 227 of the Real Property Law.

This section merely changed a hard rule of the common law by giving a tenant the right or option to quit and surrender possession of the leasehold premises, and thereby release himself for rent accruing after such surrender, when the building which is leased or occupied is destroyed or so injured by the elements or any other cause as to be untenantable and unfit for occupancy. (*Baldwin* v. *Cohen*, 132 App. Div. 87.) The evidence disclosed that the presence of fleas throughout the premises caused discomfort and inconvenience to the tenant and members of his family, and that he employed an exterminator in an effort to get rid of same. No evidence was produced showing what caused the fleas to enter the premises, or fraud on the part of the lessor, and the lease contains no covenant to keep it free from vermin, etc. (*Franklin* v. *Brown*, 118 N. Y. 110.)

Although the presence of fleas may have made it uncomfortable for defendant and his family, I do not think that the premises were rendered untenantable and unfit for occupancy. I am, therefore, constrained to reject defendant's theory of constructive eviction, the facts being quite unsubstantial. (*Jacobs* v. *Morand*, 59 Misc. 200.)

Judgment for plaintiff, $299.50. Counterclaim dismissed.