GEORGE CLARKE, Appellant, *v.* BENJAMIN HOWLAND et al., Executors, etc., Respondents.

In January, 1832, C. leased to V. L. certain premises for the term of ten years, at an annual rental; the lease contained a provision authorizing the tenant, his representatives and assigns, if the rent was paid and the covenant on his part performed, to remove all the buildings then on the premises, and all erected during the term or within twenty days thereafter. The lease was renewed, by indorsement thereon, for one year; the tenant and his successors in interest continuing to occupy the premises, paying for a portion of the time, after the expiration of the lease, a greater rent than therein specified. Prior to January, 1875, H., defendant's testator, who had succeeded to the interest of V. L., upon receiving notice to quit at the expiration of the year, notified plaintiff, who then owned the premises, of his intention to remove, and commenced to remove, the buildings. In an action to restrain such removal and for damages, *held*, that the continuance of the occupation and the payment and receipt of rent implied a renewal of the lease, from year to year, upon the same terms, save as modified, and no act having been done to interfere or affect the tenants' right, that H. had the right to remove the buildings.

(Argued March 17, 1881; decided April 26, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 6, 1879, affirming an order of Special Term, which denied a motion for a new trial.

This action was brought originally against Samuel Ham, the testator of the present defendant, to restrain him from removing the buildings from certain premises in the village of Catskill. It appeared that on January 23, 1832, George Clarke, the father of the plaintiff, who was then the owner of the premises, and to whose title plaintiff succeeded, executed a lease thereof to Isaac Van Loan, who was then in possession as assignee of a former lease, for the term of ten years from that date, at a yearly rental. The lease contained this clause:

" And the said George Clarke doth hereby covenant to and with the said Isaac, his executors, administrators and assigns, that if the said rent is paid and the covenants performed on his part, as above-mentioned, he or they may, at the expiration of said term, and within twenty days thereafter, move all the buildings now on said premises, and all that may be erected thereon during said term."

The lease was renewed by indorsement thereon for one year thereafter, Van Loan, and his successors in interest, occupied, paying rent annually, for a portion of the time at a rate greater than that specified in the lease. In November, 1874, plaintiff caused a notice to be served upon Harris, who had acquired the rights of Van Loan, and was then in possession of the premises, requiring him to surrender and deliver up possession on January 15, 1875. Harris notified plaintiff that he would remove the buildings, and commenced so to do when this action was commenced.

*James B. Olney* for appellant. The house erected upon the land was real estate. (*Elwes* v. *Maw*, 3 East, 38; *Kutzer* v. *Smith*, 2 Wall. 497; Ewell on Fixtures, 106–133; *Richtmyer* v. *Morss*, 3 Keyes, 351; 5 Abb. [N. S.] 44; 37 How. 388; *Smith* v. *Remsen*, 1 Hill, 176.) The ten-year lease and the three-life lease became incorporated and each was made a part

of the other. (*Ex parte Washington Park*, 52 N. Y. 131; *Coddington* v. *Davis*, 1 Com. 186.) Both leases were terminated by the surrender in 1847. (*Loughran* v. *Ross*, 45 N. Y. 792.) After 1847 there was a new letting by the plaintiff to William Van Loan. (*Roe* v. *Conway*, 74 N. Y. 206; *Coe* v. *Holby*, 72 id. 146; *Van Rensselaer* v. *Penniman*, 6 Wend. 569.) There was a valid agreement that the lease was terminated, and the premises were yielded up. (*Bedford* v. *Terhune*, 30 N. Y. 453.) From then on there was a tenancy from year to year. (*Coe* v. *Hobby*, 72 N. Y. 147; *Reeder* v. *Sayre*, 70 id. 184; *Austin* v. *Ahearne*, 61 id. 17; Taylor's Landlord and Tenant, § 440.)

*Joseph Hallock* for respondent. Where a tenant for a year, or for one or more years, holds over after the expiration of his term without any express agreement, but with the assent of his landlord, the law implies that he holds the premises upon the former terms for another year. (*Park* v. *Castle*, 19 How. 29; *Schuyler* v. *Smith*, 51 N. Y. 316; *Loughran* v. *Smith*, 7 Weekly Dig. 463; *S. C.*, 75 N. Y. 205.) A mere claim by Clarke, unsupported by any entry or actual possession on his part, or by any surrender or new agreement on the part of the tenant, could not work a forfeiture of the tenant's property or operate as a transfer of the title of the tenant to his landlord; the tenant still held his title to the building and might, while in possession, lawfully remove the same. (*Penton* v. *Robart*, 2 East, 88; *Loughran* v. *Ross*, 45 N. Y. 792.)

*Per Curiam.* We think that this case was properly disposed of at the Circuit upon the grounds stated by the judge. The defendant's testator held under the ten-years' lease introduced in evidence upon the trial, and the payment and acceptance of rent, although sometimes more than the amount named in the lease, was a recognition of its covenants and of the right to remove the building, which was done in accordance therewith. The permission to occupy implied a renewal of the lease upon the same terms, except as modified from year to year. The

title of the defendant's testator was also clear by means of transfers from the owners of the ten-years' lease, and no act was done which interfered with or affected his right to the premises by virtue thereof. The opinion of the General Term covers the principal question involved, and the questions raised as to the introduction of evidence, as well as the other rulings upon the trial, which have been examined, present no ground of error which authorizes a reversal of the judgment.

All concur.

Judgment affirmed.