Carhart v. Ryder.

---

THOMAS F. CARHART, Plaintiff, *against* HENRY W. RYDER, Defendant.

(Decided June 5th, 1882.)

In an action by a landlord against a surety for the rent of a furnished house, alleged fraud on the part of the landlord, in neglecting to disclose to the tenant the bad reputation of the premises as a house of prostitution, does not constitute a defense, where the tenant has entered and remained in possession without repudiating the contract of letting.

EXCEPTIONS taken at a trial term of this court, ordered to be heard in the first instance at the General Term.

The facts are stated in the opinion.

*Wm. F. Scott*, for plaintiff.

*Levi A. Fuller*, for defendant.

VAN BRUNT, J.    These actions were commenced to recover rent of certain premises in the City of New York, which were rented to one Hunnewell, for whom the defendant became security.

The answer sets up that for a long time previous to the alleged hiring set forth in the complaint, the said premises, being a furnished house, had with the permission and knowledge of the plaintiff been used and occupied as a brothel or house of prostitution and assignation, and had acquired such a reputation; that at the time of the letting to Hunnewell, the plaintiff, well knowing the bad character of the house, fraudulently neglected to disclose its character to said Hunnewell, who stated that she wanted the premises for the purpose of renting the same for furnished lodgings; that the said Hunnewell hired the premises in ignorance of their bad character, and entered into possession thereof, and was disturbed, annoyed and insulted by lewd persons calling at all times during the day and night; that she could not quietly and peaceably occupy the said furnished house and lodgings for the purpose of letting lodgings, or as a dwelling house for moral or decent people; that by reason thereof said Hunnewell could not obtain respectable lodgers in said house, and those she did obtain, by reason of said annoyance and bad character of said house, left the same, and said Hunnewell was thereby damaged and said house rendered absolutely worthless to said Hunnewell for the purposes for which the same was hired as aforesaid, and was therefore evicted therefrom.

Without considering the question as to whether the

Carhart v. Ryder.

defense set up in the foregoing answer could in any event be availed of to prevent a recovery of the rent of premises reserved in a lease thereof, even though the house was a furnished house, it is sufficient to sustain the judgment in this action to apply the familiar principle that if a party desires to rescind a contract upon the ground of fraud, and to be relieved from the obligation thereof, he must, as soon as the fraud has been discovered, act at once, giving up all that he has received under the contract, and that a party will not be allowed to keep what he has received under a contract, and refuse to comply with the covenants or agreements upon his part. It is true that, in certain cases, a party may recoup damages arising from fraud and deceit, but that is not even sought to be done in this case.

The answer alleges that the tenant entered into possession, but there is nothing to show but that she may have remained in possession until the termination of the lease. The premises would seem to have been good enough to live in, but not good enough to pay rent for. If the tenant desired to rescind the contract because of the alleged fraud, she was bound at once upon its discovery to surrender possession of the premises and repudiate the contract of letting. She could not be enjoying any of the benefits of the contract, as she was by retaining possession of the premises, and be relieved from performing those obligations which she had entered into. This principle is distinctly recognized in the case of *Wallace* v. *Lent* (1 Daly, 481).

If the tenant is not relieved from the payment of rent, because of her remaining in possession of the premises notwithstanding the fraud, liability attaches to the surety.

Judgment must be affirmed, with costs.

CHARLES P. DALY, Ch. J., and BEACH, J., concurred.

Exceptions overruled and judgment ordered for plaintiff, with costs.