## CITY COURT OF NEW YORK.

EDWARD T. CONKLIN, respondent, agt. ANNIE S. WHITE, appellant.

*Landlord and tenant — Right of landlord to recover rent for the month where the tenant left the premises on the first day, after a demand and refusal.*

In an action by a landlord to recover rent from a tenant for the month of November, under a written lease providing for the payment of rent in advance on the first of each and every month, and upon the rent for November being demanded of her on the first day she refused to pay, and on the afternoon of the same day she personally left the house, but her sub-tenants continued in possession.   The tenant claims that the character of the house was bad, though represented to her differently at the time she leased it.

*Held,* that the tenant was liable for November rent.

Where the landlord has not accepted a surrender of the premises or exercised dominion over them by virtue of any abandonment and surrender until after the rent became due, the tenant is not, and hereby relieved from the payment of rent already accrued.

Where the defendant admitted having discovered in the month of June, 1884, the bad character of the house :

*Held,* that as she then knew that the representations made to her were false, it was her duty to affirm or disaffirm the contract ; but having kept the house until the first day of November, and paid the rent in full until that time, she did not exercise her election of rescinding the contract within a reasonable time, and is therefore liable for November rent.

*General Term, February,* 1886.

*Before* HYATT *and* HALL, JJ.

APPEAL from a judgment rendered at trial term on a verdict of a jury by direction of the court.

*Frank J. Dupignac,* appellant's attorney.

*James Flynn,* respondent's attorney.

HYATT, *J.* — This is an action to recover from the defendant

Conklin agt. White.

certain rent for the month of November, 1884, under a written lease. It appears from the uncontradicted evidence in the case that on June 20, 1884, the plaintiff leased to the defendant a furnished dwelling-house in this city, for the term of ten months and seven days, on June 24, 1884, at the yearly rent of $3,900, payable in equal monthly payments, in advance, on the first day of each and every month thereafter. On that day the defendant went into possession, and continued therein, paying her rent monthly in advance, on the first day of every month, until the first day of November, when, on demand being made upon her by the plaintiff for that month's rent, she refused to pay, and afterwards in the afternoon of the same day she personally left the house, *but her sub-tenants continued in posssssion* The action is for that month's rent.

It must be assumed as a fact in this case that the defendant, who is a respectable woman, hired the house as a respectable house, and therefore the contract was not illegal in its character.

There is no evidence that the landlord accepted a surrender of the premises or exercised dominion over them by virtue of any abandonment and surrender *until after the rent became due.* In such cases it is well established law that the tenant is not thereby relieved from the payment of rent *already accrued.* In this case the rent claimed herein was payable in advance on the first day of November.

The defendant admits having discovered, in the month of June, 1884, the bad character of the house. She then knew that the representations made to her were false. It was her duty then to affirm or disaffirm the contract; but having kept the house until the first day of November, and paid the rent in full until that time, she did not exercise her election of rescinding the contract within a reasonable time, and therefore is liable for November's rent. She must act promptly. She was not at liberty to hesitate and balance advantages (*Carhart* agt. *Ryder,* 11 *Daly,* 101 ; *Schiffer* agt. *Dietz.,* 83 *N. Y.,* 300).

The judgment must be affirmed, with costs.