SAMUEL COLE, Plaintiff, *v.* SAMUEL B. SANFORD and Others, as Executors, etc., of J. MONROE TAYLOR, Deceased, Defendants.

*Landlord and tenant — when a lease is presumed to be renewed — unlawful eviction, no defense to rent already due — effect of payment of rent after eviction — complaint, not evidence of its allegations.*

Where a landlord permits a tenant to occupy the leased premises after the expiration of the term and accepts a month's rent from him at the rate stipulated in the lease, a rebuttable presumption is raised that the lease has been renewed for another year.

An unlawful eviction is not a defense to an action brought for the recovery of the rent due and payable before the eviction.

The fact that a tenant after his eviction paid rent up to the date thereof does not rebut the presumption that he was entitled to occupy the premises for another year, arising from the landlord permitting him to hold over and accepting rent from him.

A complaint in one action, put in evidence in another action, is not evidence in the latter action of the truth of the allegations therein contained.

MOTION by the plaintiff, Samuel Cole, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, after the decision of the court, dismissing the plaintiff's complaint upon an admission of facts, at the New York Circuit before the court and a jury on the 5th day of June, 1893.

In April, 1886, Jefferson M. Levy and Henry L. Clinton were the owners of the fee of Nos. 39 and 41 Cortland street, and remained so until 1887, when they conveyed it to J. Monroe Taylor, who remained the owner until May, 1892, when he died leaving a last will and testament, which was duly probated June 7, 1892, and letters testamentary thereon were issued to the defendants. On April 24, 1886, Levy and Clinton leased the second, third, fourth and fifth stories of the premises to the plaintiff for three years from

May 1, 1886, for a yearly rental of $3,800, payable in advance, $316.66 on the first day of every month. The lease contained a covenant that it might be renewed for two years from May 1, 1889, for a yearly rental of $4,000, payable monthly in advance, $333.33 on the first day of every month. May 1, 1886, the plaintiff, as lessee, entered into possession of the leased premises, and occupied them as a hotel. When the premises were conveyed to Taylor he took an assignment of the lease from the lessors, and the plaintiff attorned to him. Taylor, defendants' testator, renewed the lease for two years at the stipulated rent of $4,000, which term ended May 1, 1891. The plaintiff continued to use the premises for the purpose of a hotel until July 16, 1891, when he was forcibly evicted by the defendants' testator.. The defendants concede that the rent was paid to June 1, 1891, and that September 11, 1891, Taylor, the assignee of the lessors, began an action in the City Court of Brooklyn, to recover $500, the rent from June 1, 1891, to July 16, 1891, at the rate of $4,000 per year, and $106.40 Croton water tax, which, it is alleged, the lessee agreed to pay. September 30, 1891, the plaintiff herein paid the rent to July sixteenth, together with the costs of the action, which was discontinued. This action was begun August 11, 1891, to recover the damages sustained by the eviction. The defendant answered, and after his death the action was revived and continued against the present defendants, his executors.

*Benjamin Scharps*, for the plaintiff.

*De Witt C. Brown*, for the defendants.

FOLLETT, J. :

The right by which the plaintiff claims to have occupied the premises is not set forth in his complaint, but it appears by the answer and the concessions on the trial that he was a lessee. By these concessions it appears that his lease expired on the 1st day of May, 1891, and that he paid, and Taylor accepted, $333.33, the rent for that month, but the circumstances under which the payment was made are not disclosed by the concessions nor by the evidence.

The landlord having permitted the tenant to occupy the leased premises after the expiration of the term, and having accepted a month's rent from him at the rate stipulated in the lease, a pre-

sumption is raised that the lease had been renewed for another year. (*Clarke* v. *Howland*, 85 N. Y. 204; *Schuyler* v. *Smith*, 51 id. 309; *Laughran* v. *Smith*, 75 id. 205; 4 Kent's Comm. [13th ed.] 114, note x; Wood's Landl. & Ten. 76.)

The complaint in the action for rent brought in the City Court of Brooklyn contains allegations which, if they had been established, would have constituted a defense to this action, provided the eviction was effected at the proper time and in the proper manner, but that complaint, though introduced in evidence, is no evidence of the truth of the allegations therein contained. The rent for June and July, 1891, fell due on the first days of those months, so there was, by the terms of the lease, two months' rent due when the tenant was evicted, and it is well settled that an unlawful eviction is not a defense (we are not speaking of counterclaim to an action brought for the recovery of the rent due and payable before the eviction). (*Giles* v. *Comstock*, 4 N. Y. 270; *O'Brien* v. *Smith*, 37 N. Y. St. Repr. 41.) And the fact that the tenant after his eviction paid rent up to the date thereof does not rebut the presumption that he was entitled to occupy the premises for another year. The presumption that the lease was renewed for another year, arising from the landlord permitting the tenant to hold over and accepting rent from him, is a rebuttable one, and it may be that the defendants on a new trial will be able to show that the plaintiff held over under terms justifying their testator in evicting him, but nothing of the kind was shown on this trial, and the plaintiff's exceptions must be sustained, and his motion for a new trial granted, with costs to him to abide the event.

VAN BRUNT, P. J., and PARKER, J., concurred.

Exceptions sustained and motion for new trial granted, with costs to appellant to abide event.