(32 Misc. Rep. 94.)

## MARKS v. DELLAGLIO.

(Supreme Court, Appellate Term.　June 25, 1900.)

LANDLORD AND TENANT—WRITTEN LEASE—DEFECTIVE CONDITION OF PREMISES
—KNOWLEDGE OF DEFECTS—RETENTION OF PREMISES—RIGHT TO ABANDON
—WAIVER.

 Where a tenant who occupied property under a written lease notified his landlord that the premises were uninhabitable because of the defective condition of the adjoining building, belonging to the landlord, and was requested by the landlord either to immediately abandon the premises or elect to retain them in their objectionable condition, the fact that the defendant remained in the premises over a year longer before abandoning them constituted a waiver of his right to repudiate the lease.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Esther B. Marks against Nicolo Dellaglio.　From a judgment in favor of defendant, plaintiff appeals.　Reversed.

See 59 N. Y. Supp. 509.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

W. C. Beecher, for appellant.

Hyman Levy (Franklin Pierce, of counsel), for respondent.

PER CURIAM.　This is an action brought to recover the rent of certain premises in the city of New York under a written lease.　The defense is substantially an eviction in consequence of the defective condition of the adjoining premises, also owned by the plaintiff, which caused foul odors to enter the premises in question.　Defendant had been in possession of the demised premises for several years.　He moved out on or about June 30, 1899.　It appears from the evidence that the condition which defendant claims justified his vacation of the premises existed previous to June, 1896, about which time he first complained to the plaintiff.　The defendant was then called upon to make his election either to abandon the premises for the reasons assigned or to retain them, notwithstanding their objectionable condition.　Copeland v. Luttgen, 17 Misc. Rep. 604, 40 N. Y. Supp. 653; Smith v. Kerr, 108 N. Y. 31, 15 N. E. 70; Stein v. Rice, 23 Misc. Rep. 348, 51 N. Y. Supp. 320.　By retaining possession of the premises for more than a year with knowledge of the conditions now complained of, the defendant waived his right to repudiate or terminate the hiring.　He was required to act with reasonable promptitude.　As stated in Copeland v. Luttgen, supra: "A tenant must exercise his option to abandon demised premises within a reasonable time after discovering their untenantable condition."　The defense interposed is without evidence to support it, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.