CANAVAN BROS. CO. v. BENDHEIM et al.

(Supreme Court, Special Term, New York County. March, 1911.)

1. PLEADING (§ 8*)—CONCLUSIONS OF LAW.

In an action against guarantors on a contract, an allegation that plaintiff had substantially performed the contract is not an allegation of a mere conclusion of law, presenting no issue, and it is not necessary or proper to plead the evidentiary facts showing that performance was substantially complete.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

2. GUARANTY (§ 43*) — CONSTRUCTION — SCOPE AND EXTENT OF LIABILITY — COMPLETE PERFORMANCE OF CONTRACT.

Defendants guaranteed that payment under a contract for excavation between plaintiff and a corporation would be made when due. The contract provided for payment of installments as the work progressed, and for final payment "when the work is entirely completed." *Held*, that defendants became answerable for all payments for which their principal should become legally liable under the contract, and their liability did not depend upon complete performance by plaintiff; · substantial performance being sufficient.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 53; Dec. Dig. § 43.*]

3. GUARANTY (§ 44*)—LIABILITY OF GUARANTORS—DEFAULT OF PRINCIPAL.

Where a person guaranteed that payments under a contract for excavation should be made when due, no acts of the principal in which the contractor did not acquiesce, or for which it was in no way responsible, could deprive the contractor of the benefit of the guaranty.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 54; Dec. Dig. § 44.*]

Action by the Canavan Bros. Company against Adolph M. Bendheim and another. On demurrer to the complaint. Overruled, with leave to answer.

Kantrowitz & Esberg (Moses Esberg and Adolph Freyer, of counsel), for demurrants.

Kellogg & Rose, opposed.

GIEGERICH, J. The action is brought against the defendants as guarantors upon a contract for excavation made by the plaintiff with a corporation known as the Real Construction Company. The complaint alleges substantial performance of the contract, except so far as prevented by the Real Construction Company. The defendants base their demurrer upon two propositions: First, that such an allegation is a conclusion of law merely, and presents no issue; and, second, that against them as guarantors a recovery cannot be had upon substantial performance merely, but, their contract being strictissimi juris, the plaintiff must show complete performance as against them.

I cannot agree with either of these contentions. It was not necessary, nor would it have been proper, to plead the evidentiary facts showing that the performance was substantially complete. Neither do I think the obligation of the defendants should be held to be limited to a complete performance. They guaranteed that payments un-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

der the contract would be made when due. The complaint alleges that the contract provided for the payment of installments as the work progressed and for the final payment "when the work is entirely completed." Under the decision in Spence v. Ham, 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238, the plaintiff having substantially performed, such performance is treated as sufficient, the court there remarking:

"Substantial performance is performance except as to unsubstantial omissions, with compensation therefor."

When the defendants went upon the contract as guarantors, they undertook to be answerable for all payments for which their principal should become legally liable under the contract in form as entered into between their principal and the plaintiff. There has been here no alteration of the contract. Such an alteration under established principles would release the surety; but there has been no alteration, and whatever liability there may be on the part of the defendants' principal arises from the legal effect and construction of the contract exactly in form as originally entered into.

So far as concerns the act of the principal in preventing the plaintiff from performing, it is enough to say that no act of the principal in which the plaintiff did not acquiesce, or for which it was in no way responsible, can have the effect of depriving it of the benefit of the guaranty. Carhart v. Ryder, 11 Daly, 101, has some similarity to this case. There the plaintiff, in leasing the premises to the defendant's principal, had been guilty of fraud in neglecting to disclose the bad reputation of the house; but in an action brought by him against the surety on the lease the court held that, as the tenant was not relieved from the payment of rent because of her remaining in possession of the premises notwithstanding the fraud, liability attached to the surety.

The demurrer must be overruled, with costs, with leave to withdraw the same and answer within 20 days after service of a copy of the interlocutory judgment to be entered hereon and notice of entry thereof, on payment of such costs.